NO. 12-06-00020-CV
IN THE COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT
TYLER, TEXAS
 
§
IN RE: DAVID K. EVERSON
AND PATRICIA M. EVERSON,                      §     ORIGINAL PROCEEDING
RELATORS
§





MEMORANDUM OPINION
            David K. Everson and Patricia M. Everson, acting pro se, seek a writ of mandamus requiring
Patricia Harrison, Official Court Reporter for the County Court of Upshur County, Texas, to furnish
them the original and one copy of the reporter’s record in appellate cause number 12-05-00313-CV
prior to receiving full payment for the record. We dismiss the petition for want of jurisdiction.

Background
            On September 20, 2005, the Eversons filed a notice of appeal from a judgment signed on
June 22, 2005 in the County Court of Upshur County. They filed a timely motion for new trial,
making the appellate record due on or before October 20, 2005. See Tex. R. App. P. 35.1(a). On
October 19, 2005, the Eversons filed their docketing statement. Attached to the docketing statement
was a copy of a letter from the Eversons to Harrison in which the Eversons acknowledged that
Harrison had estimated a fee of $1,500 for preparation of the reporter’s record. Instead of paying
the estimated fee, the Eversons informed Harrison that they had enclosed $750 and would pay the
balance when “you inform us of your cost per page and the total number of pages for the requested
transcript.” Harrison did not file the record.
 
            On October 21, 2005, this Court notified Harrison that the reporter’s record had not been
filed and extended the time for filing the reporter’s record until November 21, 2005. On the date for
filing the record, Harrison filed a motion for extension of time, stating that the extension was
necessary because the Eversons had made no claim of indigence and had failed to either pay the
required fee or to make arrangements to pay the fee for preparing the record. Harrison was granted
an extension until December 21, 2005 to file the record. On November 23, 2005, this Court notified
the Eversons that the appeal would be submitted on the clerk’s record alone, without a reporter’s
record, unless proof of full payment to the reporter was provided to the Court not later than
December 5, 2005. The required proof of payment was not furnished. Consequently, on
December 8, 2005, this Court ordered the appeal to be submitted on the clerk’s record alone. The
Eversons filed a motion for reconsideration of the December 8 order, which was overruled on
January 4, 2006. This original proceeding was filed on January 23.

Availability of Mandamus
            A court of appeals has the authority to issue writs of mandamus against a judge of a district
or county in the court of appeals district and all writs necessary to enforce its jurisdiction. Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004). In order for a court reporter to fall within our
jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to
enforce our jurisdiction. See id.; In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio
1998, orig. proceeding). 
            In an appeal, the official reporter or deputy reporter is responsible for preparing, certifying,
and timely filing the reporter’s record if (1) a notice of appeal has been filed, (2) the appellant has
requested that the reporter’s record be prepared; and (3) the party responsible for paying for the
preparation of the reporter’s record has paid the reporter’s fee, or has made satisfactory arrangements
with the reporter to pay the fee, or is entitled to appeal without paying the fee. Tex. R. App. P.
35.3(b). The third requirement, payment for the record, is the subject of the controversy here.
            The Eversons admit Harrison told them the estimated cost of the requested reporter’s record
requested was $1,500 and that she required payment prior to preparing the record. In their
mandamus petition, the Eversons state that they “found the estimated amount [$1,500] to be
excessive” because Harrison “admitted to not being familiar with the case or trial.” Consequently,
they tendered one-half of the estimated cost of the record and agreed to pay the balance “of the exact
amount for the transcript once [Harrison] familiarized herself with the trial and transcript.” One of
the prerequisites to a reporter’s duty to prepare and file the record is payment of the preparation fee
or making satisfactory arrangements with the reporter to pay the fee.


 See Tex. R. App. P. 35.3(b)(3). 
The Eversons have done neither. Therefore, Harrison’s duty to file the reporter’s record has not
arisen. See Tex. R. App. P. 35.3. 
Conclusion
            Because Harrison has no duty to file the reporter’s record at this time, the Eversons have not
shown that a writ of mandamus is necessary to enforce our jurisdiction. See Tex. Gov’t Code Ann.
§ 22.221. Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction. 
                                                                                                     SAM GRIFFITH 
                                                                                                               Justice


Opinion delivered January 31, 2006.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.












(PUBLISH)