NO. 07-07-0010-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 18, 2007
_____

IN RE MICHAEL LOU GARRETT, RELATOR
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Michael Lou Garrett, has filed a third Petition for Writ of Mandamus requesting this Court order respondents, "Debbie Liles, Kelli Ward, Jamie L. Baker and their agents[,] E.C. Williams (Warden, Allred Unit)[,] and F.L. Haynes (Access to Courts Coordinator/Indigent Supplies Supervisor, Allred Unit)[,] to immediately refrain from depriving relator, an indigent prisoner, of indigent supplies needed and necessary for processing the matter of this appeal [Cause No. 07-06-00428-CV]." We deny the petition.

Texas Rule of Appellate Procedure 52.3[1] identifies the requirements for a petition for writ of mandamus filed in this court. Garrett has failed to comply with these requirements. Rule 52.3 requires that all factual statements in a petition must be verified by affidavit made on personal knowledge. While Garrett does not include an affidavit, he

_____

[1]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

does include an unsworn declaration subject to penalty of perjury, as authorized by TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a) (Vernon 2005). However, Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Garrett does not list the names of the parties against whom he seeks mandamus relief apart from their identification in the argument portion of his petition. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Garrett's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Garrett's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case. Garrett's petition does not contain a statement of the case and does not identify the nature of the underlying proceeding.[2] Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Garrett's petition includes no such statement. Each of these items are required in a petition for writ of mandamus and, as Garrett failed to include them in his petition, we will not grant the relief that he requests.

However, even if Garrett had complied with the requirements of Rule 52.3, his petition fails to establish his entitlement to mandamus relief. A court of appeals has authority to issue writs of mandamus against district and county court judges within the

_____

[2]Garrett contends that mandamus is necessary for the processing of his pending appeal in cause number 07-06-00428-CV. However, nowhere in Garrett's petition for writ of mandamus does he identify the nature of the case underlying this appeal nor does he provide any information from which the nature of this appeal can be gleaned.

court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). As none of the named respondents are identified as judges, they are not within our jurisdictional reach and we have no authority to issue a writ of mandamus against the respondents absent a showing that issuance of the writ is necessary to enforce our jurisdiction. In re Cummins, 2004 WL 1948048, at *1 (Tex.App.–Amarillo 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding).

Garrett contends that issuance of the writ is necessary to enforce our jurisdiction because, if we do not issue the writ, he will be "deprived of his right to process his appeal" in cause number 07-06-00428-CV. Garrett has provided this court none of the material documents relating to his pending appeal in cause number 07-06-00428-CV, see Rule 52.3(j)(1), and, as mentioned above, has failed to even identify the nature of the underlying proceeding from which he appeals. Thus, we are unable to determine, from the documents provided in support of his petition, whether our issuance of mandamus would be necessary to enforce this court's jurisdiction over that appeal. Garrett contends that he is required to file a brief in support of his appeal and that the denial of the supplies necessary to file this brief affects this court's enforcement of it jurisdiction over that appeal. However, Rule 38.8 provides courts of appeals three options when a civil appellant fails to timely file an appellate brief: (1) dismiss the appeal for want of prosecution,[3] (2) decline

---

[3] Rule 38.8(a)(1) provides for dismissal unless "the appellant reasonably explains the failure and the appellee is not significantly injured" by the failure. Thus, Garrett would have the opportunity to provide the court an explanation of the efforts that he has undertaken to timely file an appellate brief and how maintaining the appeal on the court's docket would not significantly injure the appellees. Therefore, Garrett has an available

3

to dismiss the appeal and give further direction to the case as the court considers proper, or (3) if an appellee's brief is filed, regard that brief as correctly presenting the case and affirm the trial court's judgment without examining the record. As none of these options implicate this court's jurisdiction to consider Garrett's appeal in cause number 07-06-00428-CV, we conclude that Garrett has failed to show how issuance of the requested writ of mandamus would be necessary to the enforcement of this court's jurisdiction.

As Garrett's petition for writ of mandamus does not comply with the requirements of Rule 52.3 and fails to establish how the writ is necessary to enforce this court's jurisdiction, we deny the petition.

Mackey K. Hancock
Justice

---

remedy at law of a potential dismissal for want of prosecution under Rule 38.8(a)(1) and mandamus relief is not appropriate. See Canadian Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 305 (Tex. 1994).