NO. 07-07-0084-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



APRIL 3, 2007



______________________________




IN RE DONALD WAYNE SMITH, RELATOR



_______________________________



Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Relator, Donald Wayne Smith, an inmate proceeding pro se and in forma pauperis,
seeks a writ of mandamus to compel the Hale County District Clerk, Carla Cannon, to
transmit documents to the Texas Court of Criminal Appeals. We dismiss for want of
jurisdiction.

 According to his petition, Smith contends he filed an "Application for Motion Nun [sic]
Pro Tunc" which the District Clerk should have forwarded to the Texas Court of Criminal
Appeals together with any answers filed thereto. He alleges that if the documents had
been transmitted as required by article 2.21 of the Texas Code of Criminal Procedure, he
would have received notice from the Court of Criminal Appeals. 

 This Court has the authority to issue writs of mandamus against a judge of a district
or county court in our district and all writs necessary to enforce our jurisdiction. Tex. Gov't
Code Ann. § 22.221(b) (Vernon Supp. 2004). In order for a district clerk to fall within our
jurisdictional reach, it must be established that the issuance of the writ of mandamus is
necessary to enforce our jurisdiction. In re Jose A. Coronado, 980 S.W.2d 691, 692-93
(Tex.App.-San Antonio 1998, no pet.). Relator has not demonstrated that the exercise of
our mandamus authority against the Hale County District Clerk is appropriate to enforce
our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against
Carla Cannon.

 Accordingly, the petition for writ of mandamus is dismissed for want of jurisdiction.


 Patrick A. Pirtle

 Justice










NO. 07-11-00153-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
13, 2011

 



 

MESA WATER, L.P. AND

G&J RANCH, INC., APPELLANTS

v.

 

TEXAS WATER DEVELOPMENT BOARD, APPELLEE 



 



 

 FROM THE 201ST DISTRICT COURT OF TRAVIS
COUNTY;

 

NO. D-1-GN-10-000819; HONORABLE SCOTT H. JENKINS, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

ORDER

            Appellants,
Mesa Water, L.P. and G & J Ranch, Inc., have filed an unopposed motion to
abate this appeal so that they may continue a transaction in which appellants
intend to convey their interests in groundwater rights to the Canadian River
Municipal Water Authority (CRMWA). 
Appellants have represented to this Court that said motion is unopposed
and such representation is supported by appellants counsels certificate of
conference.  We grant the unopposed
motion to abate this appeal for a period of sixty days from the date of this
order.

            Pursuant
to a joint sale agreement between the appellants and a sales contract between
appellants and CRMWA, appellants intend to convey their interests in the
groundwater rights and, if the transaction is successful, appellants will no
longer hold any interest in the groundwater rights at issue in the instant
appeal.  In furtherance of the sales contract,
it would appear that the parties have undertaken certain further actions prior
to the contemplated closing.  During the
period of time in which the parties complete these actions and finalize the
sale, appellants seek to have their appeal abated.  Appellants explain that this period of time
may extend over the course of several months, perhaps until November 2011.

            Judicial
economy may be best served by permitting the parties to the contemplated sale
the opportunity and time to fulfill their obligations under the contract the
successful completion of which will likely render the appeal moot.  To require the parties to the appeal to
prosecute the appeal during the pendency of the sale could be to waste both
counsels and this Courts time and resources. 
So, to possibly expedite disposition of this appeal and in the interest
of conservation of judicial resources, we suspend the operation of the
applicable appellate timetables and order that the appeal be abated for a
period of sixty days from the date of this order.  Tex.
R. App. P. 2.

            Before
the expiration of the sixty-day abatement period or upon any development that
might cause the Court to reinstate the appeal, the parties are directed to
advise the Court of the status of the transaction.  At the end of the sixty-day abatement period,
the Court will entertain a motion to further abate the appeal should the need
be present to do so.  We suspend all
appellate deadlines and abate this appeal, removing it from our active docket
and treating it as a closed case, until the sixty-day abatement period expires
or until further order of this Court.  See
Tex. R. App. P. 2, 43.6.

            IT
IS SO ORDERED.

 

                                                                                    Per
Curiam