Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
January 8, 2009








 

Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed January 8, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01141-CR

 

IN RE WAYNE DEE BINFORD, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M  O P I N I O N

On
December 18, 2008, relator, Wayne Dee Binford, filed a petition for writ of
mandamus in this Court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see also
Tex. R. App. P. 52.1.  In his petition, relator requests that we compel the
Harris County District Clerk to forward his application for writ of habeas
corpus to the Texas Court of Criminal Appeals.  








A court
of appeals has the authority to issue a writ of mandamus against a judge of a
district or county court in the court of appeals= district and all writs necessary to
enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(b).  For a district clerk to
come within our jurisdictional reach, it must be established that the issuance
of the writ of mandamus is necessary to enforce our jurisdiction.  In re
Coronado, 980 S.W.2d 691, 692B93 (Tex. App.CSan Antonio 1998, orig. proceeding). 


Relator
is attempting to file his application for writ of habeas corpus with the Texas
Court of Criminal Appeals challenging a final felony conviction.  Although
courts of appeals have jurisdiction over criminal matters, only the Texas Court
of Criminal Appeals has jurisdiction over matters related to final
post-conviction felony proceedings.  Ater v. Eighth Court of Appeals,
802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).  

Relator
has not shown that the exercise of our mandamus authority against the Harris
County District Clerk is necessary to enforce our jurisdiction.  Therefore, we
have no authority to issue a writ of mandamus against the Harris County
District Clerk. 

Because
we do not have jurisdiction, the petition for writ of mandamus is ordered
dismissed. 

 

PER
CURIAM

 

Panel consists of Justices Yates,
Guzman, and Sullivan.

Do Not PublishCTex. R. App. P. 47.2(b).