Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed
March 26, 2009








 

Petition
for Writ of Mandamus Dismissed and Memorandum Opinion filed March 26, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00238-CR

____________

 

IN RE SHANNON LEE SIMON, Relator

 

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N








On March
12, 2008, relator, Shannon Lee Simon, filed a petition for writ of mandamus in
this court.  See Tex. Gov=t Code Ann '22.221 (Vernon 2004); see also
Tex. R. App. P. 52.1.  In the petition, relator requests that we compel the
respondent, Loren Jackson, Harris County District Clerk, to comply with his
request to forward the record from the trial of his underlying conviction for
possession of a firearm by a felon.  On May 2, 2007, the trial court granted
relator=s request for the appointment of
counsel on the appeal of his conviction and ordered the court reporter to
prepare and file the reporter=s record without charge to relator.  On October 8, 2007,
relator requested that the district clerk=s office send the record to him at
the Wayne Scott Unit where he is incarcerated.  In response to relator=s request, the district clerk=s office sent him notice that it was
not required to accept or comply with a request for information from a person
imprisoned or confined in a correctional facility.  See Tex. Gov=t Code Ann. ' 552.028 (Vernon 2004).  

On June
27, 2007, relator also requested a copy of the trial court record from his
appellate counsel, Joseph Salhab.  Salhab responded that, while the trial court
had entered an order for the trial record to be prepared at no cost, A[t]he rules allow me as your attorney
on appeal to obtain the record from the District Clerk for the purpose of
preparing your brief.@  Salhab explained, because there is no Ahybrid representation@ in Texas, he is responsible for
raising any meritorious issues based on his review of the trial record.  On
August 28, 2008, this court affirmed relator=s conviction.  See Simon v. State,
No. 14-07-00378-CR, 2008 WL 4308426 (Tex. App.CHouston [14th Dist.] Aug. 28, 2008,
pet. ref=d).  After the Court of Criminal
Appeals refused relator=s petition for discretionary review, this court issued the
mandate on March 12, 2009.  

A court
of appeals has the authority to issue writs of mandamus against a judge of a
district or county court in the court of appeals= district and all writs necessary to
enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(b).  For a district clerk to
come within our jurisdictional reach, it must be established that the issuance
of the writ of mandamus is necessary to enforce our jurisdiction.  In re
Coronado, 980 S.W.2d 691, 692B93 (Tex. App.CSan Antonio 1998, orig. proceeding).  

This
court affirmed relator=s underlying conviction on direct appeal, and the Texas Court
of Criminal Appeals refused relator=s petition for discretionary review. 
Relator has not shown the exercise of our mandamus authority against the Harris
County District Clerk is necessary to enforce our jurisdiction.  Therefore, we
have no authority to issue a writ of mandamus against the Harris County
District Clerk.  

 








Because
we do not have jurisdiction, the petition for writ of mandamus is ordered
dismissed.  

 

PER CURIAM

 

 

Panel consists of Justices Frost,
Brown, and Boyce.  

Do Not PublishCTex. R. App. P. 47.2(b).