Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★  ★ ★ ★

**MEMORANDUM OPINION**

No. 04-09-00616-CR

**IN RE** Jason **MIEARS**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Catherine Stone, Chief Justice
             Sandee Bryan Marion, Justice
             Steven C. Hilbig, Justice

Delivered and Filed: October 14, 2009

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On September 30, 2009, relator Jason Miears filed a petition for writ of mandamus, seeking to compel the sheriff to "allow relator more time in the law library so he can be prepared for trial." We conclude this court does not have jurisdiction to grant the requested relief.

By statute, this court only has the authority to issue a writ of mandamus against "a judge of a district or county court in the court of appeals district" and other writs as necessary to enforce our appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a)-(b) (Vernon 2004). Therefore, we have no mandamus jurisdiction over a sheriff unless the issuance of the writ is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig.

---

[1] This proceeding arises out of Cause No. 2009-CR-6566, styled *State v. Jason Miears*, pending in the 379th Judicial District Court, Bexar County, Texas, the Honorable Ron Rangel presiding.

proceeding). We conclude the writ relator is requesting is not necessary to enforce our jurisdiction. Accordingly, relator's petition for writ of mandamus is DISMISSED FOR LACK OF JURISDICTION.

Additionally, relator filed an Application for Leave to File Petition for Writ of Mandamus. No leave is required to file a petition for a writ of mandamus in this court. TEX. R. APP. P. 52. Therefore, relator's motion for leave to file is DENIED as moot.

PER CURIAM

DO NOT PUBLISH