# NO. 12-09-00415-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | § | |
|---|---|---|
| *IN RE: DANNY DALE WEISINGER, SR.,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## MEMORANDUM OPINION

In this original proceeding, Relator, Danny Dale Weisinger, Sr., seeks a writ of mandamus directing the respondent, Felix Thompson, to prepare a reporter's record of a hearing regarding Relator's appellate counsel and to file the record in this court's cause number 12–03–00274–CR. Thompson was the official court reporter for the 349th Judicial District Court of Houston County, Texas, at the time of Relator's trial for aggravated assault.

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county in the court of appeals district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). For mandamus to issue against a court reporter, it must be established that the issuance of the writ of mandamus is necessary to enforce this court's jurisdiction. *See id*.; *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding).

We affirmed Relator's conviction for aggravated assault by opinion issued in appellate cause number 12–03–00274–CR on January 12, 2005. *See Weisinger v. State*, No. 12–03–00274–CR, 2004 WL 3103643 (Tex. App.–Tyler Jan. 12, 2005, pet. ref'd). The mandate issued on October 11, 2005, and this court no longer has plenary power over the judgment. *See* TEX. R. APP. P. 19.1 (appellate court retains jurisdiction over its judgments for sixty days after judgment if no timely motion to extend time or for rehearing is pending and for thirty days after it overrules all such timely motions). Therefore, Weisinger cannot show that mandamus is necessary to enforce this court's jurisdiction.

Because Weisinger has not demonstrated that the exercise of this court's mandamus authority against Thompson is necessary to enforce its jurisdiction, we have no authority to issue a writ of mandamus. Accordingly, the petition for writ of mandamus is ***dismissed for want of jurisdiction***.

    **SAM GRIFFITH**
Justice

Opinion delivered December 16, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)