NO









NO. 12-09-00415-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

 

                                                                             '     

IN RE: DANNY DALE
WEISINGER, SR.,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     





MEMORANDUM
OPINION

            In
this original proceeding, Relator, Danny Dale Weisinger, Sr., seeks a writ of
mandamus directing the respondent, Felix Thompson, to prepare a reporter’s
record of a hearing regarding Relator’s appellate counsel and to file the
record in this court’s cause number 12–03–00274–CR.  Thompson was the official
court reporter for the 349th Judicial District Court of Houston County, Texas, at the time of Relator’s trial for aggravated assault. 

A
court of appeals has the authority to issue writs of mandamus against a judge
of a district or county in the court of appeals district and all writs
necessary to enforce its jurisdiction.  Tex.
Gov=t Code Ann. ' 22.221 (Vernon 2004).  For mandamus to issue
against a court reporter, it must be established that the issuance of the writ
of mandamus is necessary to enforce this court’s jurisdiction.  See id.;
In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.BSan Antonio 1998, orig.
proceeding).  

We
affirmed Relator’s conviction for aggravated assault by opinion issued in
appellate cause number 12–03–00274–CR on January 12, 2005.  See Weisinger
v. State, No. 12–03–00274–CR, 2004 WL 3103643 (Tex. App.–Tyler Jan. 12,
2005, pet. ref’d).  The mandate issued on October 11, 2005, and this court no
longer has plenary power over the judgment.  See Tex. R. App. P. 19.1 (appellate court retains jurisdiction
over its judgments for sixty days after judgment if no timely motion to extend
time or for rehearing is pending and for thirty days after it overrules all
such timely motions).   Therefore, Weisinger cannot show that mandamus is
necessary to enforce this court’s jurisdiction.    

 

 

Because
Weisinger has not demonstrated that the exercise of this court’s mandamus
authority against Thompson is necessary to enforce its jurisdiction, we have no
authority to issue a writ of mandamus.  Accordingly, the petition for writ of
mandamus is dismissed for want of jurisdiction.

 

                                                                                                    
SAM GRIFFITH    

                                                                                                             
Justice

 

 

 

Opinion delivered December 16, 2009.

Panel consisted of
Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)