**In re Jose A. CORONADO**

No. 04–98–00596–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1998.

---

1. John Kahlig filed a grievance against Stephen Boyd based upon the conduct made the basis of this suit. Although the jury was not informed of the grievance proceeding, documents in the clerk's record indicate that Boyd was sanctioned for his conduct.

**692**

Susan E. Anderson, San Antonio, for appellant.

Steven C. Hilbig, Criminal Dist. Atty., San Antonio, for appellee.

Before LÓPEZ, STONE and GREEN, JJ.

## OPINION

PER CURIAM.

Jose Coronado filed a pro se petition for writ of mandamus in which he asked this court to compel Mary White, acting District Clerk of Bexar County, to provide him a free copy of the trial record to enable him to prepare a writ of habeas corpus. For the following reasons, we deny Coronado's petition for writ of mandamus. See TEX.R.APP. P. 52.8(d).

■ Our mandamus jurisdiction is quite limited. By statutory grant, courts of appeals have authority to issue writs of mandamus against a district court judge or county court judge in the court of appeals district, and all writs necessary to enforce its jurisdiction. See TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 1988). Clearly, a district clerk is not a judge. Thus, in order for a district clerk to fall within our jurisdictional reach, it must be shown that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. See Click v. Tyra, 867 S.W.2d 406, 407 (Tex.App.—Houston [14th Dist.] 1993, orig. proceeding); see also Summit Savings Ass'n v. Garcia, 727 S.W.2d 106, 107 (Tex.App.—San Antonio 1987, orig. proceeding). The relief Coronado seeks, the trial record for preparation of a writ of habeas corpus to attack his felony convictions, does not affect our jurisdiction. Courts of appeals have no jurisdiction over post-conviction writs of habeas corpus in felony cases. See TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon Supp.1998); Hoang v. State, 872 S.W.2d 694, 697 (Tex.Crim.App.1993). Post-conviction writs of habeas corpus are to be filed in the trial court in which the conviction was obtained, made returnable to the Court of Criminal Appeals. TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon Supp.1998). Thus, because the District Clerk's alleged refusal to provide Coronado with a free copy

of the record does not affect our jurisdiction, the exercise of our mandamus authority is inappropriate. *See Click*, 867 S.W.2d at 407.

■ Moreover, Coronado has failed to show that the act he seeks to compel is one that is clearly required by law. *See Eubanks v. Mullin*, 909 S.W.2d 574, 576–77 (Tex. App.—Fort Worth 1995, orig. proceeding). Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992) (orig.proceeding). An indigent criminal defendant is not entitled—either as a matter of equal protection or of due process—to obtain a free statement of facts in order to assist in preparation of a petition for writ of habeas corpus absent a showing that the habeas corpus action is not frivolous and there is a specific need for the trial records which are sought. *Escobar v. State*, 880 S.W.2d 782, 783 (Tex.App.—Houston [1st Dist.] 1993, no pet.); *accord Eubanks*, 909 S.W.2d at 576. The record before us does not demonstrate that these prerequisites have been met.

Coronado's petition for writ of mandamus is DENIED.