NO. 07-04-0342-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 7, 2004

_____

IN RE RICKY DEAN ALEXANDER, RELATOR

_____

Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

By this original proceeding, relator Ricky Dean Alexander, proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus against respondent Zona Prince, the Childress County District Clerk. Specifically, he requests that we direct her to answer his petition for writ of habeas corpus allegedly filed on March 29, 2004, by which he challenged a 1975 judgment in cause number 9640 as being void for enhancement purposes. We dismiss the petition.

By statutory grant a court of appeals has the authority to issue writs of mandamus against a judge of a district or county court in the court of appeals' district and all writs necessary to enforce its jurisdiction. Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp.

2004).  In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction.  In re Coronado, 980 S.W.2d 691, 692-93 (Tex.App.–San Antonio 1998, no pet.).  Relator has not demonstrated that the exercise of our mandamus authority against the Childress County District Clerk is appropriate to enforce our jurisdiction  Consequently, we have no authority to issue a writ of mandamus against her.

Furthermore, an original proceeding filed in this Court must comply with the requirements of Rule 52 of the Texas Rules of Appellate Procedure.  Rule 52.3(j)(1)(A) requires that the petition be accompanied by certified or sworn copies of any orders complained of.  Tex. R. App. P. 52.3(j)(1)(A).  All documents and exhibits attached to relator's petition for writ of mandamus are retyped copies of alleged originals.

Accordingly, the petition for writ of mandamus is dismissed.


Don H. Reavis
Justice