NO. 07-06-0476-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 22, 2006

______________________________

IN RE MICHAEL LOU GARRETT, RELATOR

_________________________________

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ON PETITION FOR WRIT OF MANDAMUS

Relator, Michael Lou Garrett, has filed a second Petition for Writ of Mandamus requesting this Court order respondents, “Debbie Liles, Kelli Ward, Jamie L. Baker and their agents[,] E.C. Williams (Warden, Allred Unit)[,] and F.L. Haynes (Access to Courts Coordinator/Indigent Supplies Supervisor, Allred Unit)[,] to immediately refrain from depriving relator, an indigent prisoner, of indigent supplies needed and necessary for processing the matter of this appeal.”  We again dismiss for want of jurisdiction.  
See
 
In re Garrett
, No. 07-06-0438-CV, 2006 Tex.App. LEXIS 9911 (Tex.App.–Amarillo November 15, 2006, orig. proceeding) (mem. op.).

A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals’ district and all writs necessary to enforce its jurisdiction.  
Tex. Gov’t Code Ann
. § 22.221(a), (b) (Vernon 2004).  As none of the named respondents are identified as judges, they are not within our jurisdictional reach and we have no authority to issue a writ of mandamus against the respondents absent a showing that issuance of the writ is necessary to enforce our jurisdiction.  
In re Cummins
, 2004 WL 1948048, at *1 (Tex.App.–Amarillo 2004, orig. proceeding) (mem. op.); 
In re Coronado
, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding).  

Relator contends that issuance of the writ is necessary to enforce our jurisdiction because, if we do not issue the writ, relator will be “deprived of his right to process his appeal” in cause number 07-06-00428-CV.  Relator has timely filed notice of appeal in that cause.  The order appealed from in that cause was signed on October 16, 2006.  Consequently, the appellate record in that case is not yet due.  
See
 
Tex. R. App. P
. 35.1.  As a result, relator has no legal requirement to file any documents in cause number 07-06-00428-CV at this time and, thus, has not shown how he is being “deprived of his right to process his appeal” by any denial of indigent supplies by respondents.  

As relator seeks issuance of a writ of mandamus against parties outside of this Court’s jurisdictional reach and fails to establish that the writ is necessary to enforce this Court’s jurisdiction, we dismiss the petition for want of jurisdiction.

Mackey K. Hancock

          Justice