NO.
12-07-00051-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

§          

 

IN RE: MICHAEL KENNEDY,      §          ORIGINAL
PROCEEDING

RELATOR

§          

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM
OPINION

PER
CURIAM

            Michael
Kennedy has filed a petition seeking “extraordinary relief and mandamus.”  In his statement of the facts, Kennedy
complains that this court has not showed him how he can “obtain any copies or
clerk’s pleading that documents was filed as denied in movant In re Michael
Kennedy No. 12-06-00433-CR; No. 12-07-00021-CR and No. 12-06-00414-CR.”   In his argument, he further states that the
trial court will not allow him any copies and the clerk of the court will not
answer or communicate with him or send him a copy of the petition and the facts
the court “have been place notice and notified on served writ of mandamus in
No. 12-06-00414-CR; 12-06-00433-CR and 12-07-00021-CR. . . .”  

            District Clerk.  A court of appeals has the authority to issue
writs of mandamus against a judge of a district or county in the court of
appeals district and all writs necessary to enforce its jurisdiction.  Tex.
Gov’t Code Ann. § 22.221 (Vernon 2004). 
In order for a district clerk to fall within our jurisdictional reach,
it must be established that the issuance of the writ of mandamus is necessary
to enforce our jurisdiction.  See id.;
In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio
1998, orig. proceeding).  Kennedy has not
demonstrated that the exercise of our mandamus authority against the district
clerk is appropriate to enforce our jurisdiction.  Therefore, we do not have jurisdiction of
Kennedy’s request for mandamus relief as to the district clerk.

            Trial Court.  To obtain mandamus in a criminal matter, the
relator must establish that the act sought to be compelled is ministerial
rather than discretionary in nature and there is no adequate remedy at
law.  Dickens v. Second Court of
Appeals, 727 S.W.2d 542, 548 (Tex. Crim. App. 1987).  We first note that the identity of the
documents Kennedy seeks is unclear from his petition, and the record does not
show that he has requested any specific documents from the trial court.[1]  Further, he has not shown that the trial
court has a ministerial duty to furnish the documents he seeks.  Therefore, he has not shown that he is
entitled to mandamus relief against the trial court.

 

Disposition

            As to the district clerk, the
petition for extraordinary relief and for writ of mandamus is dismissed
for want of jurisdiction.  As to
the trial court, the petition is denied.

Opinion delivered February 9,
2007. 

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

(DO
NOT PUBLISH)











[1]
Kennedy seems to assert that the documents he
seeks pertain to original proceedings he has filed in this court under cause
numbers 12-06-00414-CR, 12-06-00433-CR, and 12-07-00021-CR.