# NO. 12-08-00348-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  | § |  |
| --- | --- | --- |
| *IN RE: REGINALD SLACK,* *RELATOR* | § | *ORIGINAL PROCEEDING* |
|  | § |  |

___

## *MEMORANDUM OPINION*

Reginald Slack complains that the Anderson County District Clerk has failed to respond to a letter Slack sent her regarding a pending motion and seeks a writ of mandamus requiring the trial court to answer this correspondence.

Mandamus is an extraordinary remedy and was intended to be available "only in situations involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." ***Walker v. Packer***, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding). For Slack to be entitled to mandamus relief against the trial court, he must meet two requirements. First, he must show that the trial court clearly abused its discretion. ***Id***. Second, he must show that he lacks an adequate remedy at law, such as an ordinary appeal. *See **id***. In his mandamus petition, Slack implicitly asserts that the trial court has a duty to answer correspondence sent to the district clerk and has not done so, thereby abusing its discretion. However, he cites no authority for this proposition, and we are not aware of any. Therefore, we cannot conclude that the trial court abused its discretion by failing to answer a letter addressed to the district clerk.

Even if Slack had sought mandamus relief against the district clerk, he could not prevail under the facts presented here. A court of appeals has the authority to issue writs of mandamus against a judge of a district or county in the court of appeals district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). In order for a district clerk to fall

within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *See id.*; ***In re Coronado***, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding). The information furnished in this proceeding does not demonstrate mandamus authority against the district clerk would be appropriate to enforce our jurisdiction. Consequently, we are without authority to issue a writ of mandamus requiring the district clerk to answer Slack's letter.

Because Slack has not shown he is entitled to mandamus relief, his petition for writ of mandamus is ***denied***.


          **SAM GRIFFITH**
          Justice


Opinion delivered September 10, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*


(PUBLISH)

2