# NOS. 12-08-00334-CR
# 12-08-00342-CR
# 12-08-00361-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | *§* | |
| *MICHAEL KENNEDY,* | *§* | *ORIGINAL PROCEEDING* |
| *RELATOR* | *§* | |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Michael Kennedy has filed three petitions for writ of mandamus, one of which includes a request for a writ of prohibition. In cause number 12-08-00334-CR, Kennedy alleges that (1) he has presented several pro se documents to the district clerk for filing, but the district clerk has refused to file them; (2) this court's clerk and one of her deputies have prevented him from filing certain pro se documents in this court; and (3) the trial court has failed to rule on Kennedy's motion to represent himself on appeal. He again asserts in cause number 12-08-00342-CR that this court's clerk and one of her deputies have prevented him from filing certain pro se documents here. In the third petition, filed in cause number 12-08-00361-CR, he seeks a writ of mandamus and a writ of prohibition. As grounds for the requested writs in that cause he alleges that (1) the trial court prevented him from filing a pro se motion for new trial; (2) the district clerk, this court's clerk, and one of this court's deputy clerks have denied Kennedy's right to file a "writ"; and (3) the trial court abused its discretion in denying Kennedy's motion to represent himself on appeal. Because the issues Kennedy raises in these proceedings arise out of the same trial court cause, we address the three petitions together.

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county in the court of appeals district and all writs necessary to enforce its jurisdiction. TEX.

GOV'T CODE ANN. § 22.221 (Vernon 2004). Kennedy seeks a writ of mandamus against the district clerk and against the clerk of this court and one of her deputies. He also seeks a writ of prohibition preventing them from refusing to file his documents. In order for the district clerk to fall within our jurisdictional reach, it must be established that the issuance of these writs is necessary to enforce our jurisdiction. *See id.*; *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding). Kennedy has made no such showing here. Moreover, we have located no authority for the proposition urged by Kennedy that section 22.221 authorizes us to grant mandamus relief or a writ of prohibition against this court's clerk and her deputy.[1] Thus, we have no jurisdiction to grant the relief Kennedy requests against the district clerk or this court's clerk and her deputy.

Kennedy's complaints against the trial court fall within our statutory authority to issue writs of mandamus. *See* TEX. GOV'T CODE ANN. § 22.221(b)(1). However, mandamus relief is authorized in a criminal case only if the relator establishes that (1) he has no other adequate legal remedy and (2) under the facts and the law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Fifth Court of Appeals*, 34 S.W.3d 924, 927 (Tex. Crim. App.2001). A party seeking a writ of prohibition must demonstrate that (1) he has no other adequate remedy at law and that (2) he is clearly entitled to the relief sought. *Curry v. Wilson*, 853 S.W.2d 40, 43-44 (Tex. Crim. App. 1993).

Kennedy first asserts that the trial court has failed to rule on his motion to represent himself on appeal. Since Kennedy filed his mandamus petition, the trial court has provided this court with a copy of an order signed on September 8, 2008 denying Kennedy's motion. Thus, Kennedy's complaint about the trial court's failure to rule is moot. Kennedy next urges that the trial court has prevented him from filing a pro se motion for new trial and, further, that it abused its discretion in denying his motion to dismiss his appellate counsel and represent himself on appeal. He seeks mandamus relief and also seeks a writ of prohibition preventing the trial court from interfering with his filing a pro se motion for new trial. Neither petition relating to these complaints is accompanied by an appendix, *see* TEX. R. APP. P. 52.3(j), or a record, *see* TEX. R. APP. P. 52.7, that includes sufficient information for us to determine whether Kennedy's assertions have merit. Absent such

---

[1] Kennedy has filed multiple pro se documents in this court. Those relating to his desire to represent himself on appeal have been ruled on and orders have been issued. Those relating to other matters have been returned to Kennedy because he is not entitled to hybrid representation–partially pro se and partially by counsel. *See Landers v. State*, 550 S.W.2d 272, 280 (Tex. Crim. App. 1977).

information, we cannot grant mandamus relief or a writ of prohibition against the trial court.

For the foregoing reasons, we *dismiss* the petition in cause number 12-08-00334-CR in which Kennedy requests relief against the district clerk, the clerk of this court and one of her deputies, and against the trial court for its alleged failure to rule on Kennedy's motion to represent himself on appeal. We *dismiss* the petition in cause number 12-08-00342-CR in which Kennedy requests relief against the clerk of this court and one of her deputies. Finally, we *dismiss* the portion of the petition in cause number 12-08-00361-CR relating to the district clerk and the clerk of this court and her deputy. We *deny* the portion of the petition relating to the trial court.

Opinion delivered September 24, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

3