Petition for Writ of Mandamus Denied and Memorandum Opinion filed
February 10, 2009








 

Petition
for Writ of Mandamus Denied and Memorandum Opinion filed February 10, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-09-00080-CR

____________

 

IN RE TRAVIS CLINTON FAGALA, Relator

 

 



 

ORIGINAL PROCEEDING

WRIT OF MANDAMUS

 



 

M E M O R
A N D U M   O P I N I O N

On
January 15, 2009, relator, Travis Clinton Fagala, filed a
petition for writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon 2004); see also
Tex. R. App. P. 52.  In the petition, relator complains of the failure of the
respondents, the Honorable Jeremy E. Warren, Judge of County Court at Law No. 3
and Probate Court of Brazoria County, and Joyce Hudman, County Clerk of
Brazoria County, to file his original petition.  








Relator=s petition for writ of mandamus does
not comply with the Texas Rules of Appellate Procedure.  Relator=s petition is not signed, his
petition contains no certificate of service, relator has not filed an affidavit
of indigence in this court, relator=s unsworn declaration of facts is not
signed, and the documents in the appendix are not sworn or certified.  See
Tex. R. App. P. 9.1(b), 9.5, 20.1, 52.3, and 52.3(j)(1).  

Moreover,
we do not have jurisdiction to issue a writ of mandamus against the Brazoria
County Clerk.  A court of appeals has the authority to issue writs of mandamus
against a judge of a district or county court in the court of appeals= district and all writs necessary to
enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(b).  For a district clerk or
county clerk to come within our jurisdictional reach, it must be established
that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. 
In re Coronado, 980 S.W.2d 691, 692B93 (Tex. App.CSan Antonio 1998, orig. proceeding). 
Relator has not shown that the exercise of our mandamus authority against the
Brazoria County Clerk is necessary to enforce our jurisdiction.  

Relator
has not established his entitlement to the extraordinary relief of a writ of
mandamus.  Accordingly, we deny relator=s petition for writ of mandamus.  

 

PER CURIAM

 

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.  

Do not publish B Tex.
R. App. P. 47.2(b).