# NO. 12-09-00379-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| *IN RE:* | | |
| | § | *ORIGINAL PROCEEDING* |
| *MARVIN WADDLETON, III* | | |
| | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Marvin Waddleton, III, appearing pro se, seeks a writ of mandamus requiring Lois Rogers, District Clerk of Smith County, Texas, to return to him certain funds he contends he deposited as a cash bond after being charged with theft and possession of a controlled substance in Smith County.[1] Waddleton argues that the deposited funds must be returned to him because he has complied with the conditions of his bond and is now incarcerated.

A court of appeals has the authority to issue writs of mandamus against a judge of a district or county in the court of appeals district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a) (Vernon 2004). In order for a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *See id.*; *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding). Waddleton has not demonstrated that the exercise of our mandamus authority against the respondent is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus. Accordingly, the petition for writ of mandamus is *dismissed for want of jurisdiction*.

---

[1] The style of this proceeding, as stated in Waddleton's petition, is "Marvin Waddleton III v. Lois Rogers et[] al. District Clerk Smith County." However, he does not name any other respondents in his petition.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered November 25, 2009.
*Panel consisted of Worthen, C.J. and Hoyle, J.*
*Griffith, J., not participating.*

(DO NOT PUBLISH)