# NO. 12-10-00096-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| | § | |
| *IN RE: JIMMY RAY ADAMS,*<br>*RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

In this original proceeding, Jimmy Ray Adams seeks a writ of mandamus requiring Barbara Duncan, District Clerk of Gregg County, Texas, to provide him a copy of the written plea admonishments in trial court cause number 19549-B in accordance with the trial court's order dated March 6, 2007.

This court has the authority to issue writs of mandamus against a judge of a district or county court in its appellate district and all writs necessary to enforce this court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). In order for this court to issue mandamus against a district clerk, it must be established that issuance of the writ of mandamus is necessary to enforce its jurisdiction. *See id.*; *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding). Here, Adams seeks the requested document in connection with his postconviction writ of habeas corpus. This court has no jurisdiction in criminal law matters pertaining to habeas corpus proceedings seeking relief from final felony judgments. That jurisdiction lies exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2009). Consequently, Adams has not demonstrated that the exercise of this court's mandamus authority against the Gregg County District Clerk is necessary to enforce its jurisdiction. Accordingly, his petition for writ of mandamus is ***dismissed***.

                            **BRIAN HOYLE**
                                Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)