NO









NO. 12-10-00124-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             §    

IN RE: GARY LYNN ROBINSON,

RELATOR                                                          §     ORIGINAL PROCEEDING

 

                                                                             §    

 





MEMORANDUM
OPINION

            In
this original mandamus proceeding, Gary Lynn Robinson alleges that he entered
into a plea agreement in connection with an aggravated robbery charge.  He
alleges further that the agreement did not require payment of restitution, but
the judgment of conviction provides that he must pay restitution of
$138,658.85.  He urges this court to issue a writ of mandamus directing the
Wood County District Clerk to expunge the restitution amount from the judgment
and notify all interested parties of the change.

            This
court has the authority to issue a writ of mandamus against a judge of a
district or county court in its appellate district and all writs necessary to
enforce this court’s jurisdiction.  See Tex. Gov’t Code Ann. § 22.221 (Vernon 2004).  In order for
this court to issue mandamus against a district clerk, it must be established
that issuance of the writ is necessary to enforce its jurisdiction.  See id.;
In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998,
orig. proceeding).  Here, Robinson seeks relief from a felony judgment of
conviction.  This court has no jurisdiction in criminal law matters pertaining
to relief from final felony judgments.  That jurisdiction lies exclusively with
the Texas Court of Criminal Appeals.  Tex.
Code Crim. Proc. Ann. art. 11.07 § 3 (Vernon Supp. 2009).  Consequently,
Robinson has not demonstrated that the exercise of this court’s mandamus
authority against the Wood County District Clerk is necessary to enforce its
jurisdiction.




            We
note that Robinson has presented this issue to the court of criminal appeals
through a postconviction habeas application.  In an unpublished opinion, the
court of criminal appeals held that although Robinson was not provided an
opportunity to contest the $138,658.85 in restitution, he could have raised the
issue on direct appeal.  See Ex parte Robinson, No. WR-40,449-08
(Tex. Crim. App. June 18, 2008) (not designated for publication).  Even if we
had postconviction felony jurisdiction, this decision would bar our review of
Robinson’s restitution issue.

            Robinson’s
petition for writ of mandamus is dismissed.  All
pending motions are overruled as moot.

 

                                                                                                    
BRIAN HOYLE__    

                                                                                                             
Justice

 

Opinion delivered May 12, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)