# NO. 12-10-00124-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| *IN RE: GARY LYNN ROBINSON,* | | |
| *RELATOR* | § | *ORIGINAL PROCEEDING* |
| | § | |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Gary Lynn Robinson alleges that he entered into a plea agreement in connection with an aggravated robbery charge. He alleges further that the agreement did not require payment of restitution, but the judgment of conviction provides that he must pay restitution of $138,658.85. He urges this court to issue a writ of mandamus directing the Wood County District Clerk to expunge the restitution amount from the judgment and notify all interested parties of the change.

This court has the authority to issue a writ of mandamus against a judge of a district or county court in its appellate district and all writs necessary to enforce this court's jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004). In order for this court to issue mandamus against a district clerk, it must be established that issuance of the writ is necessary to enforce its jurisdiction. *See id*.; **In re Coronado,** 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio 1998, orig. proceeding). Here, Robinson seeks relief from a felony judgment of conviction. This court has no jurisdiction in criminal law matters pertaining to relief from final felony judgments. That jurisdiction lies exclusively with the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2009). Consequently, Robinson has not demonstrated that the exercise of this court's mandamus authority against the Wood County District Clerk is necessary to enforce its jurisdiction.

We note that Robinson has presented this issue to the court of criminal appeals through a postconviction habeas application. In an unpublished opinion, the court of criminal appeals held that although Robinson was not provided an opportunity to contest the $138,658.85 in restitution, he could have raised the issue on direct appeal. *See Ex parte Robinson,* No. WR-40,449-08 (Tex. Crim. App. June 18, 2008) (not designated for publication). Even if we had postconviction felony jurisdiction, this decision would bar our review of Robinson's restitution issue.

Robinson's petition for writ of mandamus is *dismissed*. All pending motions are overruled as moot.

**BRIAN HOYLE__**
Justice

Opinion delivered May 12, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)