NO









NO. 12-10-00275-CR

 

                         IN
THE COURT OF APPEALS

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

                                                                             '     

 

IN RE:
JAMIE LEE BLEDSOE,

RELATOR                                                          '     ORIGINAL
PROCEEDING

 

                                                                             '     

 





MEMORANDUM
OPINION

PER
CURIAM

            In
this original proceeding, Relator Jamie Lee Bledsoe complains, in part, that
the District Clerk of Shelby County has failed to transmit Relator’s
application for writ of habeas corpus and other related documents to the court
of criminal appeals.  He seeks a writ of mandamus directing her to do so as
required by Texas Code of Criminal Procedure article 11.07.

            This
court has the authority to issue writs of mandamus against a judge of a
district or county court in its appellate district and all writs necessary to
enforce this court's jurisdiction. See Tex.
Gov't Code Ann. § 22.221 (Vernon 2004).  In order for this court to issue
a writ of mandamus  against a district clerk, it must be established that
issuance of the writ is necessary to enforce its jurisdiction. See id.;
In re Coronado, 980 S.W.2d 691, 692-93 (Tex. App.–San Antonio
1998, orig. proceeding).  Here, the action Relator seeks to compel relates to
his application for a postconviction writ of habeas corpus. This court has no
jurisdiction in criminal law matters pertaining to habeas corpus proceedings
seeking relief from final felony judgments. That jurisdiction lies exclusively
with the Texas Court of Criminal Appeals. Tex.Code
Crim. Proc. Ann. art. 11.07 § 3 (Vernon Supp. 2009). Consequently, Relator
has not demonstrated that the exercise of this court's mandamus authority
against the District Clerk of Shelby County is necessary to enforce its
jurisdiction. 

            Although
he does not name the trial court judge as a respondent, Relator also states in
his mandamus petition that “Respondent” is “repeat[ed]ly denying Relator an[y]
of his time credit that is owe[d] to him by law.”  This complaint necessarily
relates to the trial court judge, and not the district clerk.  However, we do
not have sufficient documentation to evaluate this complaint.  See In re
Bledsoe, No. 12-10-00234-CR, 2010 WL 3000015, at *1 (Tex. App.–Tyler
July 30, 2010, orig. proceeding).  

            For
the foregoing reasons, the portion of Relator’s petition for writ of mandamus
complaining of the District Clerk of Shelby County is dismissed.  The
portion complaining of the trial court judge is denied.

Opinion delivered August 25, 2010.

Panel consisted of Worthen, C.J., Griffith, J., and
Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)