NO. 07-10-00437-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 3, 2010

_____

IN RE PHILLIP CLARK, RELATOR

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Phillip Clark, has filed a petition for writ of mandamus requesting this Court order respondent, "the 364th Judicial District Court Judge Bradley S. Underwood to ORDER the Lubbock County District Attorney's Office to RULE on petitioner's MOTION for CHANGE of VENUE, which has been before the Lubbock County District Attorney's Office in EXCESS of One Hundred and Fourteen (114) days." In addition, Clark requests this Court order Judge Underwood to appoint counsel for Clark. Finally, Clark requests this Court order "the State"[1] and Lois Wischkaemper[2] to produce medical records relating to the diagnosis and treatment of injuries sustained by Frank Beck arising from events for which Clark was convicted of aggravated kidnapping. See

---

[1] By this reference to "the State," we presume that Clark is referencing the Lubbock County District Attorney's Office.

[2] Clark identifies Lois Wischkaemper as a Senior Vice President and General Counsel for University Medical Center.

<u>Clark v. State</u>, 190 S.W.3d 59, 61 (Tex.App.—Amarillo 2005, no pet.). We deny the petition.

Texas Rule of Appellate Procedure 52.3[3] identifies the requirements for a petition for writ of mandamus filed in this Court. Clark has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Clark does list the names and addresses of the majority of the parties against whom he seeks mandamus relief. However, he does not identify Wischkaemper in this list nor does he provide her address. Further, Clark identifies this Court and, specifically, the members of the panel deciding his direct appeal in the above-identified cause as "parties" to this mandamus action. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Clark's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Clark's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a statement of the nature of the underlying proceeding. Clark's petition does not contain a statement of the case, and does not identify the nature of the underlying proceeding.[4] Rule 52.3(f) requires the petition

---

[3]Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

[4] Even after carefully reviewing Clark's 29 page petition, it is unclear exactly what is the nature of the underlying proceeding. It is clear that Clark was convicted of

2

include a concise statement of all issues or points presented for relief. Clark's petition includes no such statement. In fact, Clark's petition does not identify the issues or points presented for relief. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Clark's petition does not include a statement of facts, and, because his petition did not include an appendix and no record has been filed, no citation to competent evidence included in the appendix or record could have been provided. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Clark cites much authority in support of his argument. However, his argument is far from clear or concise. Rule 52.3(i) requires that the petition include a short conclusion that "clearly states the nature of the relief sought." While Clark's conclusion stating the nature of relief sought can be deciphered as above, it is not clear. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. As Clark has included no appendix to his petition, he has wholly failed to comply with this requirement. Each of these items are required in a petition for writ of mandamus and, as Clark has failed to include them in his petition, we may not grant the relief that he requests.

---

aggravated kidnapping at some point around April 2004. According to Clark, he filed a motion for writ of habeas corpus in December 2006. Also, in December 2006, Clark filed a motion for order for release of medical records with the trial court. Further, Clark identifies his many filings within the federal judicial system. Clark indicates that he filed his motion for change of venue on July 4, 2010. Finally, Clark indicates that he filed a motion for appointment of counsel on August 7, 2010. Since Clark's petition seems to seek redress relating to many of these proceedings, the absence of a clear identification of the nature of the underlying proceedings is a material defect in the petition.

3

In the interest of judicial economy, we briefly note that, on this petition, Clark would not be entitled to the relief sought, even were we to overlook the myriad procedural defects in his petition.

Many of Clark's requests for mandamus relief relate to parties that are outside of this Court's mandamus authority. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals' district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). Neither the Lubbock County District Attorney's Office nor Lois Wischkaemper are district or county court judges within our district. Further, Clark has failed to show how issuance of a writ of mandamus against these parties is necessary to enforce the jurisdiction of this Court. In re Cummins, No. 07-04-0354-CV, 2004 Tex.App. LEXIS 8107, at *2 (Tex.App.–Amarillo Sept. 2, 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding).

As to those requests that relate to Judge Underwood, Clark has wholly failed to establish that he would be entitled to the relief requested. First, any motion to transfer venue in a case would be submitted to the trial court for determination, and nothing in the constitution or rules would allow the trial court to abdicate this responsibility in favor of the district attorney's office. As to Clark's request for appointment of counsel, Clark has cited no authority that would entitle him to appointed counsel for the underlying proceeding that he is attempting to pursue and, further, Clark has not indicated that he has filed an affidavit of indigency to establish the procedural predicate for the

4

appointment of counsel, even if the nature of the underlying proceedings would entitle him to such an appointment.

However, as Clark's petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

Mackey K. Hancock
Justice