NO. 07-11-00070-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
13, 2011

 



 

IN RE JACKIE LEE BIBBS, RELATOR



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Jackie Lee Bibbs, has filed an
“Application for Leave to File Writ of Mandamus” requesting this Court abate
“this cause[1]
back to the trial court for evidentiary/admonishment hearings.”  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[2]
identifies the requirements for a petition for writ of mandamus filed in this
Court.[3]  Bibbs has failed to comply with these requirements.  Rule 52.3(a) requires that a petition must
include a complete list of all parties and the names and addresses of all
counsel.  Bibbs does not include any
such list.  Bibbs
identifies the respondent as Peggy Culp, the Clerk of the Seventh Court of
Appeals, and alleges that Culp has breached her ministerial duties in regard to
Bibbs’s direct appeal; however, the specific relief
requested by Bibbs (abatement and, presumably, remand
to the trial court) would appear to request that this Court issue a writ of
mandamus against itself.  Rule 52.3(b)
requires that the petition include a table of contents with references to the
pages of the petition and an indication of the subject matter of each issue or
point raised in the petition.  Bibbs’s petition
includes no table of contents.  Rule
52.3(c) requires that a petition include an index of authorities in which all
authorities cited in the petition are arranged alphabetically and the page(s)
upon which the authorities are cited is indicated.  Bibbs=s petition includes no index of
authorities.  Rule 52.3(d) requires a
statement of the case that includes a concise description of the nature of the
underlying proceeding.  Bibbs=s petition does not contain a
statement of the case, and does not include a concise description of the nature
of the underlying proceeding.  Rule
52.3(e) requires the petition include a statement regarding the basis of this
Court’s jurisdiction.  Bibbs’s petition does not include a jurisdictional
statement.[4]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Bibbs’s petition
includes no such statement.  Rule 52.3(g)
requires the petition include a statement of facts supported by citation to
competent evidence included in the appendix or record.  Bibbs’s petition
does not include a statement of facts. 
Rule 52.3(h) requires a clear and concise argument for the contentions
made, with appropriate citations to authorities.  Bibbs’s argument is
not clear nor does it identify any authority that would authorize the relief
sought.  Rule 52.3(i)
requires the petition include a short conclusion that clearly states the nature
of the relief sought.  Bibbs’s petition does not clearly state the nature of the
relief sought in that it identifies the Clerk of this Court as the respondent,
but then requests this Court issue a writ of mandamus ordering his pending
criminal appeal abated to the trial court. 
Clearly, abating and remanding a pending appeal is beyond the authority
of an appellate court clerk.  Finally,
Rule 52.3(k)(1)(A) requires that the appendix to the
petition include a certified or sworn copy of any order complained of, or other
document showing the matter complained of. 
Bibbs has not included an appendix to his petition.  As each of these items are
required in a petition for writ of mandamus and Bibbs
has failed to comply with these requirements, we may not grant the relief that
he requests.

Additionally,
Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that
a document is filed with this Court, a copy of the
document must be served on all parties to the proceeding.  Bibbs’s petition
includes a certificate of service, but it indicates only that a copy of the
petition was served on the Tarrant County District Clerk.  Nothing in the petition identifies the
Tarrant County District Clerk as a party to this original proceeding.  There is no certification that the petition
was served on the named respondent or any other party to this original
proceeding.[5]

Finally, a liberal
construction of Bibbs’s petition reveals that the
only parties against whom Bibbs could arguably be
requesting this Court to issue writ of mandamus are the Clerk of this Court,
the Tarrant County District Clerk, and this Court itself.  A court of appeals has authority to issue
writs of mandamus against district and county court judges within the court of
appeals=s district and all writs necessary to
enforce its jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(a), (b) (Vernon 2004).  Clearly, none of the parties against whom Bibbs might be seeking mandamus relief falls within the
express statutory grant of our mandamus jurisdiction.  As such, we may only issue a writ of mandamus
against these parties if the relator shows that
issuance of the writ is necessary to enforce our jurisdiction.  In re Cummins, No.
07-04-0354-CV, 2004 Tex.App. LEXIS 8107, at *2 (Tex.App.BAmarillo Sept. 2, 2004, orig.
proceeding) (mem. op.); In re Coronado, 980
S.W.2d 691, 692 (Tex.App.BSan Antonio 1998, orig.
proceeding).  Bibbs’s
petition makes no effort to make such a showing.

As Bibbs=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice








 











[1] We presume that Bibbs’s
reference to “this cause” is a reference to his pending criminal appeal in
Cause Number 07-10-0300-CR, rather than the present original proceeding.

 





[2] Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[3] While Bibbs’s filing is
denominated as an application for leave to file a writ of mandamus, we construe
it to be a petition requesting this Court issue a writ of mandamus.





[4] It appears that Bibbs
attempted to identify the basis of this Court’s jurisdiction by citing statutes
and rules that Bibbs contends were violated.  Not every violation of a statute or rule will
authorize the extraordinary relief of mandamus. 
Further, none of the statutes or rules cited by Bibbs
are applicable to the complaints Bibbs
asserts in his petition.





[5] As Bibbs failed to include
a complete list of all parties and the names and addresses of all counsel in
his petition and based on the apparent conflict between the named respondent
and the relief requested, we are uncertain who the proper parties to this
original proceeding might be.








                                                                 Justice 



Publish.