NO. 07-12-0489-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 29, 2012

_____

In re BARRY DWAYNE MINNFEE,

Relator

_____

*Original Proceeding*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Pending before the court is Barry Dwayne Minnfee's application for a writ of mandamus. He requests that the "Seventh Court of Appeals grant [a] writ of mandamus [for] service to be made on the FBI [agent] Gonzales." We interpret relator's petition as a request for us to mandamus a court clerk to issue a citation of service on an agent of the Federal Bureau of Investigation. This is so because trial court clerks issue citation of service upon request. TEX. R. CIV. P. 99. We dismiss the petition.

Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Texas Government Code § 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to writs necessary to enforce the jurisdiction of the court of appeals and writs against specified district or county court

judges in the court of appeals district. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against a trial court clerk. *In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals). Relator's mandamus petition does not claim, nor does it appear to seek relief designed to enforce this court's jurisdiction. Nor does relator allege that he has an appeal pending before this court.

Accordingly, we dismiss the appeal for want of jurisdiction.


Per Curiam