NO. 07-12-00519-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JANUARY 3, 2013

IN RE KRISS CAMP, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**ON PETITION FOR WRIT OF MANDAMUS**

Relator, Kriss Camp, appearing *pro se,* has filed a petition for writ of mandamus asking that we order respondent, Tom Green County Clerk Elizabeth McGill, to provide him with documents from court records related to his post-conviction writ of habeas corpus. We will dismiss the petition for want of jurisdiction.

Texas Government Code § 22.221 limits the mandamus jurisdiction of the courts of appeals to writs necessary to enforce the jurisdiction of the court of appeals and writs against specified district or county court judges in the court of appeals district. Tex. Gov't Code Ann. § 22.221(a), (b) (West 2004). We have no jurisdiction to grant appellant relief under § 22.221(a) because respondent is not a judge and Tom Green County lies outside our appellate district. *See* Tex. Gov't Code Ann. § 22.201(h) (West Supp. 2012) (designating counties included in Seventh Court of Appeals District). Unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against a trial court clerk. *In re Coronado,* 980 S.W.2d 691, 692 (Tex.App.--

San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals).

There is pending before this Court as our case number 07-11-0331-CR the direct appeal of a judgment of the 47th District Court of Potter County, by which relator was convicted of assault causing bodily injury to a family member and was sentenced to a term of confinement. Relator has not shown, however, that the writ of mandamus he seeks, directed to the county clerk of Tom Green County, is necessary to enforce our appellate jurisdiction. We find we have no jurisdiction to grant the relief relator requests by mandamus. *In re Middleton,* No. 06-08-00086-CV, 2008 Tex. App. Lexis 5952 (Tex.App.--Texarkana Aug. 7, 2008) (orig. proceeding, mem. op.) (dismissing petition for writ of mandamus on finding of Texarkana court that it had no jurisdiction to issue a writ of mandamus against the District Clerk of Travis County).

Accordingly, relator's petition for writ of mandamus is dismissed for want of jurisdiction.

Per Curiam

2