

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00423-CR

IN RE DANIEL LEE AINSWORTH, RELATOR

ORIGINAL PROCEEDING

November 20, 2015

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator Daniel Lee Ainsworth is a prison inmate appearing *pro se*. In this original proceeding he asks that we issue a writ of mandamus against respondents, the Honorable Don R. Emerson, judge of the 320th District Court of Potter County, and the Honorable W.F. (Corky) Roberts, judge of the Potter County Court at Law Number One. While not clearly stated, relator may also seek relief against Caroline Woodburn, Potter County District Clerk, and Julie Smith, Potter County Clerk.

Relator's petition does not comply with appellate rule 52.3. TEX. R. APP. P. 52.3. For this reason alone any relief requested against Judge Emerson and Judge Roberts is denied. *In re Bibbs,* 07-11-00393-CV, 2011 Tex. App. LEXIS 8192 (Tex. App.—

Amarillo Oct. 13, 2011, orig. proceeding) (denying petition for mandamus for noncompliance with appellate rule 52.3). Relator presents nothing indicating relief by mandamus against the district clerk and county clerk is necessary to enforce our jurisdiction.[1] *See In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam) (explaining district clerk is not within the mandamus jurisdiction of court of appeals unless it is shown issuance of writ of mandamus against clerk is necessary to enforce court of appeals' jurisdiction). Accordingly, any relief relator seeks against Ms. Woodburn and Ms. Smith is dismissed for want of subject matter jurisdiction.

Per Curiam

Do not publish.

---

[1] Relator has causes pending in this court. *Ex parte Ainsworth,* Nos. 07-15-00091-CR; 07-15-00106-CR & 07-15-00107-CR and *Ainsworth v. State* Nos. 07-15-00205-CR, 07-15-00206-CR & 07-15-00207-CR. He is represented by counsel in those causes. To any degree that relator's petition for mandamus is connected with those pending causes, it is an improper attempt to accomplish hybrid representation. *See Landers v. State,* 550 S.W.2d 272, 280 (Tex. Crim. App. 1977) (op. on reh'g) ("There is no constitutional right in Texas to hybrid representation partially pro se and partially by counsel").