

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00217-CV

IN RE BOBBIE GRUBBS, RELATOR

ORIGINAL PROCEEDING

June 19, 2018

MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Relator Bobbie Dewayne Grubbs, a prison inmate appearing pro se, filed a petition seeking a writ of mandamus. The respondents are the Honorable John B. Board, Judge of the 181st District Court of Potter County, and Mrs. Caroline Woodburn, District Clerk of Potter County. It appears the real parties in interest are "Warden Kevin D. Foley, Sgt. John C. Hamlin, Officer Sheila Brisco, Officer (Unknown First Name) Garcia, and Texas Department of Criminal Justice." Relator seeks an order compelling respondents to provide him a docket sheet for his pending suit against the real parties in interest "and any other information on the status of his suit."

The mandamus jurisdiction of a court of appeals is limited to the categories of judges identified by Texas Government Code section 22.221(b). TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2017). A court of appeals' writ power extends to other parties, such as district clerks, only if mandamus relief would be necessary to enforce the court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a); *In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals).

Mrs. Woodburn is not a judge and relator does not allege any conduct on her part that threatens this Court's jurisdiction. To the extent relator's petition complains of Mrs. Woodburn, it is dismissed.

The writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding).

Relator has not filed a mandamus record demonstrating any abuse of discretion by Judge Board. *See* TEX. R. APP. P. 52.7. We know of no authority generally obligating the judge of a trial court to supply litigants with a docket sheet and a case status report. For that reason alone we would have denied relator's petition. However, Judge Board filed with the clerk of the Court a copy of a letter he sent relator. Enclosed with the letter was a copy of the trial court's docket sheet in relator's pending suit. The letter also explained the current status of the suit.

Because Judge Board voluntarily satisfied relator's request, we dismiss his mandamus petition as moot.

James T. Campbell
Justice