

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| | § | |
| KORBEN MICHAEL CZIBIK, | § | No. 08-16-00188-CR |
| Appellant, | § | Appeal from the |
| v. | § | 426th District Court |
| THE STATE OF TEXAS, | § | of Bell County, Texas |
| Appellee. | § | (TC# 75482) |
| | § | |

## O R D E R

The Court issued its opinion and judgment affirming Appellant's conviction on January 18, 2017, and the mandate issued on April 7, 2017.  Appellant has filed a motion requesting that his attorney be provided with a free copy of the appellate record for use in preparing a post-conviction writ of habeas corpus seeking an out-of-time-appeal on the ground that Appellant's former counsel did not comply with the requirements of *Anders v. California* and *Kelly v. State*, and as a result, Appellant did not have an opportunity to review the record.

An indigent criminal defendant is not entitled to be provided with a free copy of the appellate record to use in preparing a petition for discretionary review.  *See In re Bonilla*, 424 S.W.3d 528, 532 (Tex.Crim.App. 2014).  Likewise, an indigent defendant is not entitled—either as a matter of equal protection or of due process—to obtain a free copy of the appellate record to assist in preparation of a petition for writ of habeas corpus absent a showing that the habeas corpus action is not frivolous and there is a specific need for the trial records which are sought.  *See In re Coronado*, 980 S.W.2d 691, 693 (Tex.App.--San Antonio 1998, orig. proceeding).

Appellant's former appellate counsel filed an *Anders* brief. Appellant asserts in his motion that his former appellate counsel did not inform him of his right to review the appellate record and did not explain the process for obtaining the appellate record. These assertions are contradicted by our record of the case and by the communications received directly from Appellant. Former appellate counsel attached to the *Anders* brief a certificate of counsel affirming that he advised Appellant of his right to review the record and file a pro se brief. Counsel also certified that he provided Appellant with a motion for pro se access to the record lacking only Appellant's signature, and he provided Appellant with the Court's mailing address. On October 6, 2016, Appellant filed his pro se motion seeking access to the record, and on October 13, 2016, this Court granted that motion. As reflected in our order, we forwarded a paper copy of the clerk's record and reporter's record to the Senior Warden of the Clemens Unit for Appellant's use in preparing his pro se brief. In a letter dated October 24, 2016 and filed on November 14, 2016, Appellant requested that he be given an additional thirty days to file his pro se brief because he had not yet received the appellate record to review. In that letter, Appellant acknowledged that the Court had granted his motion for access to the record. The Court granted Appellant's extension request. Appellant did not request any further extensions of time to file his brief or inform the Court that he was never given access to review the record.

We nevertheless find that there is question whether prison officials provided Appellant with access to the appellate record. Accordingly, Appellant's motion is granted to the extent that Appellant's counsel will be provided access to the appellate record through the attorney portal.

IT IS SO ORDERED this 12th day of April, 2019.


PER CURIAM


Before McClure, C.J., Rodriguez and Palafox, JJ.

2