

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-20-00073-CV

IN RE JAMES WEEKS, RELATOR

ORIGINAL PROCEEDING

April 7, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

In this original mandamus proceeding, Relator is James Weeks, a prison inmate appearing pro se and *in forma pauperis.* According to Relator's mandamus petition, he filed a lawsuit in the108th District Court of Potter County, but has been unable to obtain service of the defendants because Potter County District Clerk Carley Snider refuses to make free copies of his petition for attachment to the citation. Relator asks that we order the trial court judge, the Honorable Douglas R. Woodburn, to order Snider to prepare the copies without charge. Alternatively, Relator asks that our writ of mandamus issue directly against Snider compelling her to make the copies without cost to him. We dismiss Relator's petition as to Snider and deny Relator's petition as to Judge Woodburn.

Standard of Review

The writ of mandamus will issue only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding); *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). A trial court clearly abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Olshan Found. Repair Co.,* 328 S.W.3d 883, 888 (Tex. 2010) (orig. proceeding); *Walker,* 827 S.W.2d at 839. In a mandamus proceeding, it is the Relator's burden to demonstrate entitlement to the relief requested. *In re Grubbs,* No. 07-19-00092-CV, 2019 Tex. App. LEXIS 2759, at *1-2 (Tex. App.—Amarillo Apr. 5, 2019, orig. proceeding) (mem. op.).

District Clerk Snider

The mandamus jurisdiction of a court of appeals is limited to the categories of judges identified by Texas Government Code section 22.221(b). TEX. GOV'T CODE ANN. § 22.221(b) (West Supp. 2019). A court of appeals' writ power extends to other parties, such as district clerks, only if mandamus relief would be necessary to enforce the court's jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a); *In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals).

2

Snider is not a judge and Relator does not allege any conduct on her part that threatens this Court's jurisdiction. Relator's petition as it pertains to Snider is dismissed for want of subject matter jurisdiction.

Judge Woodburn

Relator argues as an indigent party he is entitled to free copies of his petition for service with the citation. Relator's mandamus petition in this Court indicates he motioned Judge Woodburn for an order compelling Snider to prepare the copies, but Judge Woodburn denied the request.

The mandamus record includes Relator's unsworn declaration entitled, "Declaration of Inability to Pay Costs." The document does not appear in the form approved by the Supreme Court of Texas, but we will assume, without deciding, it sufficiently constitutes a statement of inability to afford payment of court costs under Rule 145. *See* TEX. R. CIV. P. 145(b) (Supreme Court Form).

A party who files a statement of inability cannot be required to pay costs except by order of the court as provided by Rule 145(a). TEX. R. CIV. P. 145(a). When a statement of inability is filed, the clerk is obligated to place the case on the court's docket, issue citation, and provide any other service that is ordinarily provided to a party. *Id.* "Costs" as intended by Rule 145 "mean any fee charged by the court or an officer of the court that could be taxed in a bill of costs . . . ." TEX. R. CIV. P. 145(c). "Whether a particular fee is a court cost is governed by [Rule 145], Civil Practice and Remedies Code Section 31.007, and case law." TEX. R. CIV. P. 145, cmt. to 2016 change.

Concerning issuance of citation, Rule 99 provides, "[t]he party requesting citation shall be responsible for obtaining service of the citation and a copy of the petition." TEX. R. CIV. P. 99(a). The rule additionally provides, "[t]he party filing any pleading upon which citation is to be issued and served shall furnish the clerk with a sufficient number of copies thereof for use in serving the parties to be served, and when copies are so furnished the clerk shall make no charge for the copies." TEX. R. CIV. P. 99(d).

Rule 99 obligates the party filing a pleading which will be served with citation to supply the clerk with the proper number of copies of the pleading. We are not shown, nor do we find, that the cost a party incurs for copying a pleading for service is a taxable court cost, whether under Rule 145, Civil Practice and Remedies Code section 31.007, or controlling case law. *See Read v. TDCJ Policy,* No. 02-19-00462-CV, 2020 Tex. App. LEXIS 2815, at *3 (Tex. App.—Fort Worth Apr. 2, 2020, no pet. h.) (mem. op.) (stating "[n]o statute or rule requires the trial-court clerk to make copies of the petition for service; [the party requesting citation] is required to furnish those copies to the clerk."); TEX. R. CIV. P. 140 ("No fee for a copy of a paper not required by law or these rules to be copied shall be taxed in the bill of costs"). Because the expense of copying a pleading for service with citation is not a cost, for purposes of Rule 145, payment of copying expense is not excused by filing a statement of inability. In other words, an indigent party seeking to have a pleading served with citation is not excused from the obligation of furnishing a sufficient number of copies of the pleading for service or paying the clerk the cost of copying the pleading. We conclude Judge Woodburn did not abuse his discretion in denying Relator's request to compel the clerk to prepare free copies of his petition for service.

4

Conclusion

Based on the foregoing discussion, Relator's petition for writ of mandamus is dismissed as to Snider and denied as to Judge Woodburn.  All additional relief requested in Relator's mandamus petition and its prayer is denied.[1]

Lawrence M. Doss
Justice

---

[1] Among other things, Relator indicates he has filed a motion with the trial court seeking a permissive interlocutory appeal of its order denying him free copies of his petition for service.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(d) (West Supp. 2019).  He requests that should the trial court grant his motion, we grant him leave to appeal the interlocutory order.  Relator's request in this Court is premature.  Should the trial court permit an appeal of the interlocutory order it will remain for Relator to make proper, timely application for interlocutory appeal to this Court.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(f).