

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00060-CV

---

In re Hector Hernandez

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Hector Hernandez, filed a petition for writ of mandamus asking this Court to command the Sheriff of El Paso County, Texas, to enforce a writ of execution issued on January 28, 2025. In the alternative, he requests this Court to order the trial court to issue a writ of possession to remedy the harm caused by the Sheriff's inaction.

An appellate court may issue a writ of mandamus against judges of a district, statutory county, statutory probate, or a county court in the court of appeals district. Tex. Gov't Code Ann. § 22.221(b). In support of his request against the county Sheriff, Hernandez points to § 802.003 of

the Government Code which is inapplicable as it authorizes trial courts to grant mandamus relief when the governing body of a public retirement system fails or refuses to comply with statutory requirements. Tex. Gov't Code Ann. § 802.003. We have no mandamus jurisdiction over a sheriff unless the issuance of the writ is necessary to enforce our jurisdiction. *In re Coronado*, 980 SW.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam). We conclude the writ Hernandez is requesting is not necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(b)–(c); *In re Brawner*, No. 04-22-00443-CV, 2022 WL 2960221, at *1 (Tex. App.—San Antonio July 27, 2022, orig. proceeding) (mem. op.) per curiam) (dismissing petition for writ of mandamus for want of jurisdiction over a county Sheriff).

To the extent Hernandez requests alternative relief against the trial court, we have determined that he has failed to show his entitlement to mandamus relief. *See In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding) ("Mandamus relief is an extraordinary remedy requiring the relator to show that (1) the trial court clearly abused its discretion and (2) the relator lacks an adequate remedy by appeal.").

We dismiss the petition to the extent it seeks mandamus relief against the county Sheriff for want of jurisdiction. We deny the petition to the extent it seeks mandamus relief against the trial court. We dismiss all pending motions as moot.


GINA M. PALAFOX, Justice

January 30, 2026

Before Palafox and Soto, JJ., Benavides, J. (Senior Judge)
Benavides, J. (Senior Judge), sitting by assignment