NO. 07-11-00105-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



APRIL
12, 2011

 



 

IN RE JESUS ALEMAN, JR.



 



 

 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator, Jesus Aleman, Jr., has filed an Application for Writ of
Mandamus requesting this Court to order the Lubbock County District Clerk to
provide him a transcription of the grand jury proceedings that led to his
indictment along with an identification of the race,
sex, and age of the grand jurors. 
Additionally, Aleman seeks an order compelling production of “the Parole
Records from the Dallas V Parole Office.”[1]  We deny the petition.

Texas
Rule of Appellate Procedure 52.3[2]
identifies the requirements for a petition for writ of mandamus filed in this
Court.  Aleman has failed to comply with
these requirements.  Rule 52.3(a)
requires that a petition must include a complete list of all parties and the
names and addresses of all counsel. 
Aleman does not include any such list. 
In fact, the only identification of the party against whom he seeks
relief is Barbara Sucsy, the District Clerk of
Lubbock County.  However, because
Aleman’s petition is seeking transcriptions from grand jury proceedings and
“records” from a parole office, we do not see how the one identified party is
capable of providing the records Aleman seeks. 
Rule 52.3(b) requires that the petition include a table of contents with
references to the pages of the petition and an indication of the subject matter
of each issue or point raised in the petition.  Aleman’s petition includes no table of
contents.  Rule 52.3(c) requires that a
petition include an index of authorities in which all authorities cited in the
petition are arranged alphabetically and the page(s) upon which the authorities
are cited is indicated.  Aleman=s petition includes no index of
authorities.  Rule 52.3(d) requires a
statement of the case that includes a concise description of the nature of the
underlying proceeding.  Aleman=s petition does not contain a
statement of the case, and does not include a concise description of the nature
of the underlying proceeding.  Clearly,
Aleman is seeking a transcript of the grand jury proceedings from which he was
indicted; however, Aleman does not identify the underlying criminal cause
number or in any other manner identify the underlying criminal proceeding from
which he seeks the requested records. 
Rule 52.3(e) requires the petition include a statement regarding the
basis of this Court’s jurisdiction. 
Aleman’s petition does not include a jurisdictional statement.[3]  Rule 52.3(f) requires the petition include a
concise statement of all issues or points presented for relief.  Aleman’s petition includes no such statement.  Rule 52.3(g) requires the petition include a
statement of facts supported by citation to competent evidence included in the
appendix or record.  Aleman’s petition
does not include a statement of facts.  Rule
52.3(h) requires a clear and concise argument for the contentions made, with
appropriate citations to authorities. 
Aleman’s argument is reasonably clear and concise.  However, his citations to legal authority do
not support his entitlement to the relief that he seeks.  Finally, Rule 52.3(k)(1)(A)
requires that the appendix to the petition include a certified or sworn copy of
any order complained of, or other document showing the matter complained
of.  Aleman has not included an appendix
to his petition.  As each of these items are required in a petition for writ of mandamus and Aleman
has failed to comply with these requirements, we may not grant the relief that
he requests.

Additionally,
Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that
a document is filed with this Court, a copy of the
document must be served on all parties to the proceeding.  Aleman’s petition includes a certificate of
service, but it indicates only that a copy of the petition was served on this
Court.  There is no certification that
the petition was served on the respondent or any other party to this original
proceeding.[4]

As
Aleman=s petition for writ of mandamus does
not comply with the requirements of Rule 52.3, we deny the petition.

 

 

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

            











[1] Beyond this request for these records, Aleman does
not specify which records he is seeking nor does he make any attempt to
identify any authority that would entitle him to production of these documents.

 





[2] Further citation of Texas Rules of
Appellate Procedure will be by reference to ARule __.@





[3] The absence of this statement is particularly
noteworthy in this petition.  A court of
appeals has authority to issue writs of mandamus against district and county
court judges within the court of appeals=s district and all writs necessary to enforce its
jurisdiction.  Tex. Gov=t Code Ann. ' 22.221(a), (b) (Vernon 2004).  However, Aleman requests relief against the
Lubbock County District Clerk rather than a judge.  Since district clerks are not expressly
included within the jurisdictional reach of our mandamus authority, we may only
issue a writ of mandamus against a district clerk if the relator
shows that issuance of the writ is necessary to enforce our jurisdiction.  In re Cummins, No.
07-04-0354-CV, 2004 Tex.App. LEXIS 8107, at *2 (Tex.App.BAmarillo
Sept. 2, 2004, orig. proceeding) (mem. op.); In re
Coronado, 980 S.W.2d 691, 692 (Tex.App.BSan
Antonio 1998, orig. proceeding). 
Aleman’s petition makes no effort to make such a showing.





[4] As Aleman failed to include a complete list of all
parties and the names and addresses of all counsel in his petition, we are
uncertain who the proper parties to this original proceeding might be.