NO. 07-11-00105-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 12, 2011

IN RE JESUS ALEMAN, JR.

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Jesus Aleman, Jr., has filed an Application for Writ of Mandamus requesting this Court to order the Lubbock County District Clerk to provide him a transcription of the grand jury proceedings that led to his indictment along with an identification of the race, sex, and age of the grand jurors. Additionally, Aleman seeks an order compelling production of "the Parole Records from the Dallas V Parole Office."[1] We deny the petition.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court. Aleman has failed to comply with these

---

[1] Beyond this request for these records, Aleman does not specify which records he is seeking nor does he make any attempt to identify any authority that would entitle him to production of these documents.

[2] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Aleman does not include any such list. In fact, the only identification of the party against whom he seeks relief is Barbara Sucsy, the District Clerk of Lubbock County. However, because Aleman's petition is seeking transcriptions from grand jury proceedings and "records" from a parole office, we do not see how the one identified party is capable of providing the records Aleman seeks. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Aleman's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Aleman's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Aleman's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Clearly, Aleman is seeking a transcript of the grand jury proceedings from which he was indicted; however, Aleman does not identify the underlying criminal cause number or in any other manner identify the underlying criminal proceeding from which he seeks the requested records. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Aleman's petition does not include a jurisdictional statement.[3] Rule 52.3(f) requires the petition include a concise statement of all issues

---

[3] The absence of this statement is particularly noteworthy in this petition. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals's district and all writs necessary to enforce its

2

or points presented for relief. Aleman's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Aleman's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made, with appropriate citations to authorities. Aleman's argument is reasonably clear and concise. However, his citations to legal authority do not support his entitlement to the relief that he seeks. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Aleman has not included an appendix to his petition. As each of these items are required in a petition for writ of mandamus and Aleman has failed to comply with these requirements, we may not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Aleman's petition includes a certificate of service, but it indicates only that a copy of the petition was served on this Court. There is no

---

jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). However, Aleman requests relief against the Lubbock County District Clerk rather than a judge. Since district clerks are not expressly included within the jurisdictional reach of our mandamus authority, we may only issue a writ of mandamus against a district clerk if the relator shows that issuance of the writ is necessary to enforce our jurisdiction. In re Cummins, No. 07-04-0354-CV, 2004 Tex.App. LEXIS 8107, at *2 (Tex.App.–Amarillo Sept. 2, 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding). Aleman's petition makes no effort to make such a showing.

3

certification that the petition was served on the respondent or any other party to this original proceeding.[4]

As Aleman's petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

Mackey K. Hancock<br>
Justice

---

[4] As Aleman failed to include a complete list of all parties and the names and addresses of all counsel in his petition, we are uncertain who the proper parties to this original proceeding might be.