NO. 07-11-00070-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 13, 2011

IN RE JACKIE LEE BIBBS, RELATOR

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Jackie Lee Bibbs, has filed an "Application for Leave to File Writ of Mandamus" requesting this Court abate "this cause[1] back to the trial court for evidentiary/admonishment hearings." We deny the petition.

Texas Rule of Appellate Procedure 52.3[2] identifies the requirements for a petition for writ of mandamus filed in this Court.[3] Bibbs has failed to comply with these requirements. Rule 52.3(a) requires that a petition must include a complete list of all parties and the names and addresses of all counsel. Bibbs does not include any such

[1] We presume that Bibbs's reference to "this cause" is a reference to his pending criminal appeal in Cause Number 07-10-0300-CR, rather than the present original proceeding.

[2] Further citation of Texas Rules of Appellate Procedure will be by reference to "Rule __."

[3] While Bibbs's filing is denominated as an application for leave to file a writ of mandamus, we construe it to be a petition requesting this Court issue a writ of mandamus.

list. Bibbs identifies the respondent as Peggy Culp, the Clerk of the Seventh Court of Appeals, and alleges that Culp has breached her ministerial duties in regard to Bibbs's direct appeal; however, the specific relief requested by Bibbs (abatement and, presumably, remand to the trial court) would appear to request that this Court issue a writ of mandamus against itself. Rule 52.3(b) requires that the petition include a table of contents with references to the pages of the petition and an indication of the subject matter of each issue or point raised in the petition. Bibbs's petition includes no table of contents. Rule 52.3(c) requires that a petition include an index of authorities in which all authorities cited in the petition are arranged alphabetically and the page(s) upon which the authorities are cited is indicated. Bibbs's petition includes no index of authorities. Rule 52.3(d) requires a statement of the case that includes a concise description of the nature of the underlying proceeding. Bibbs's petition does not contain a statement of the case, and does not include a concise description of the nature of the underlying proceeding. Rule 52.3(e) requires the petition include a statement regarding the basis of this Court's jurisdiction. Bibbs's petition does not include a jurisdictional statement.[4] Rule 52.3(f) requires the petition include a concise statement of all issues or points presented for relief. Bibbs's petition includes no such statement. Rule 52.3(g) requires the petition include a statement of facts supported by citation to competent evidence included in the appendix or record. Bibbs's petition does not include a statement of facts. Rule 52.3(h) requires a clear and concise argument for the contentions made,

---

[4] It appears that Bibbs attempted to identify the basis of this Court's jurisdiction by citing statutes and rules that Bibbs contends were violated. Not every violation of a statute or rule will authorize the extraordinary relief of mandamus. Further, none of the statutes or rules cited by Bibbs are applicable to the complaints Bibbs asserts in his petition.

with appropriate citations to authorities. Bibbs's argument is not clear nor does it identify any authority that would authorize the relief sought. Rule 52.3(i) requires the petition include a short conclusion that clearly states the nature of the relief sought. Bibbs's petition does not clearly state the nature of the relief sought in that it identifies the Clerk of this Court as the respondent, but then requests this Court issue a writ of mandamus ordering his pending criminal appeal abated to the trial court. Clearly, abating and remanding a pending appeal is beyond the authority of an appellate court clerk. Finally, Rule 52.3(k)(1)(A) requires that the appendix to the petition include a certified or sworn copy of any order complained of, or other document showing the matter complained of. Bibbs has not included an appendix to his petition. As each of these items are required in a petition for writ of mandamus and Bibbs has failed to comply with these requirements, we may not grant the relief that he requests.

Additionally, Texas Rule of Appellate Procedure 9.5 requires that, at or before the time that a document is filed with this Court, a copy of the document must be served on all parties to the proceeding. Bibbs's petition includes a certificate of service, but it indicates only that a copy of the petition was served on the Tarrant County District Clerk. Nothing in the petition identifies the Tarrant County District Clerk as a party to this original proceeding. There is no certification that the petition was served on the named respondent or any other party to this original proceeding.[5]

Finally, a liberal construction of Bibbs's petition reveals that the only parties

---

[5] As Bibbs failed to include a complete list of all parties and the names and addresses of all counsel in his petition and based on the apparent conflict between the named respondent and the relief requested, we are uncertain who the proper parties to this original proceeding might be.

3

against whom Bibbs could arguably be requesting this Court to issue writ of mandamus are the Clerk of this Court, the Tarrant County District Clerk, and this Court itself. A court of appeals has authority to issue writs of mandamus against district and county court judges within the court of appeals's district and all writs necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (Vernon 2004). Clearly, none of the parties against whom Bibbs might be seeking mandamus relief falls within the express statutory grant of our mandamus jurisdiction. As such, we may only issue a writ of mandamus against these parties if the relator shows that issuance of the writ is necessary to enforce our jurisdiction. In re Cummins, No. 07-04-0354-CV, 2004 Tex.App. LEXIS 8107, at *2 (Tex.App.–Amarillo Sept. 2, 2004, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692 (Tex.App.–San Antonio 1998, orig. proceeding). Bibbs's petition makes no effort to make such a showing.

As Bibbs's petition for writ of mandamus does not comply with the requirements of Rule 52.3, we deny the petition.

Mackey K. Hancock
Justice

4