NO. 07-11-00294-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



AUGUST
15, 2011

 



 

IN RE LAKEITH AMIR-SHARIF, RELATOR



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Relator Lakeith
Amir-Sharif, an indigent inmate proceeding pro
se, has filed a petition for writ of mandamus complaining that respondents
the Honorable Edward L. Self, judge of the 242nd Judicial District Court, and
Ms. Brenda Hudson, District Clerk of Swisher County, wrongly caused his name to
be added to the list of vexatious litigants maintained by the Texas Office of
Court Administration.[1]  He seeks an order of this court compelling
respondents to “rescind the erroneous submission.”  We will dismiss the petition as to Ms. Hudson
for want of jurisdiction and deny the petition as to Judge Self.  

Analysis

The
District Clerk  

A court of appeals has no
jurisdiction to issue a writ of mandamus against a district clerk unless
necessary to enforce its jurisdiction.  In re Coronado, 980 S.W.2d 691, 692 (Tex.App.--San Antonio 1998, orig. proceeding) (per curiam); Tex. Gov’t Code Ann. §
22.221(a),(b) (West 2004).  Relator has not
shown that a writ of mandamus directed to the district clerk is necessary to
enforce our jurisdiction.  We therefore
lack jurisdiction to issue the writ of mandamus relator
seeks against the district clerk, Ms. Hudson.

The District Judge  

In his petition, relator
presents a detailed factual narrative on which his claim for mandamus relief
depends.  However, he did not certify
that every factual statement in his petition is supported by competent evidence
included in the appendix or record as required by Rule of Appellate Procedure
52.3(j).  Tex. R. App.
P. 52.3(j).  Indeed, relator did not file a proper mandamus appendix and
record.  Tex. R. App. P. 52.3(k)(1) (appendix), 52.7 (record); see In re Butler, 270
S.W.3d 757 (Tex.App.--Dallas 2008, orig. proceeding)
(discussing required certification and form for appendix and record).  Instead, attached to relator’s
petition are two documents pertaining to a Dallas County case number.  Neither is certified or sworn.  Without regard to the merits of relator’s petition, his failure to provide an appendix or
record supporting his entitlement to the relief he requests would require us to
deny his petition.

Moreover, as noted, the two documents
attached to relator’s petition refer to a Dallas
County court proceeding, not one occurring in Swisher County.  One of the documents is a copy of the Office
of Court Administration’s list of vexatious litigants subject to prefiling orders, containing relator’s
name.  The list states a prefiling order was issued against relator
in the Dallas County proceeding.  Amir-Sharif v. Quick Trip
Corp., et al., No. DC-09-13818 (101st Dist. Ct., Dallas County, Tex.
Nov. 12, 2009).  The second document
appended to relator’s petition is a copy of the
mandate issued by the Fifth Court of Appeals, regarding its reversal of the
judgment of the Dallas County trial court. 
Amir-Sharif v.
Quick Trip Corp., No. 05-09-1497-CV, 2011 Tex. App. Lexis 2708 (Tex.App.--Dallas Apr. 12, 2011, no pet.).  Neither of those documents suggests relator’s inclusion on the vexatious litigant prefiling order list resulted from any action of Judge
Self.[2]  Not only does the record relator
submits fail to support issuance of mandamus relief, it fails to show that
Judge Self has committed any abuse of discretion to the detriment of relator.  

Conclusion

For the reasons stated, relator’s petition for writ of mandamus is dismissed as to
Ms. Hudson for want of jurisdiction and denied as to Judge Self.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

 











[1] See Tex.
Civ. Prac. & Rem. Code Ann. §
11.104(a) (West 2002).





[2] On our own motion, we take judicial notice of the
contents of this court’s file in relator’s recent
appeal of an action in the 242nd District Court, Swisher County. Amir-Sharif v. Zeller,
No. 07-10-0244-CV, 2011 Tex. App. Lexis 1459 (Tex.App--Amarillo
Feb. 28, 2011, pet. denied).  Nothing in that file suggests any action of
Judge Self or the District Clerk of Swisher County caused relator’s
name to appear on the prefiling order list maintained
by the Office of Court Administration. 
The clerk’s record of that Swisher County proceeding does not contain a prefiling order issued by the 242nd District
Court.