**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed August 23, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00730-CR

---

### IN RE REGINALD RICKS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**263rd District Court**
**Harris County, Texas**
**Trial Court No. 1112841-A**

---

## MEMORANDUM OPINION

On August 9, 2012, relator filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. §22.221 (West 2004); *see also* Tex. R. App. P. 52. In the petition, relator asked this Court to compel the Honorable Jim Wallace, presiding judge of the 263rd District Court of Harris County, Texas, Leisa Hudson, the deputy court reporter of the 263rd District Court of Harris County, and Chris Daniel, the District Clerk of Harris, County, Texas.

Relator's petition seeks a free record for use in preparing a post-conviction habeas application. We lack jurisdiction to grant the relief relator requests.

Our mandamus jurisdiction is limited. By statute, we have authority to issue a writ of mandamus against a judge of a district or county court in our court of appeals district and other writs as necessary to enforce our appellate jurisdiction. *See* Tex. Gov't. Code Ann. § 22.221 (West 2004). For a district clerk or court reporter to fall within our jurisdictional reach, relator must establish that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *See In re Coronado,* 980 S.W.2d 691, 692-93 (Tex. App. -- San Antonio 1998, orig. proceeding). We have no jurisdiction over original proceedings regarding relator's final conviction. Only the Texas Court of Criminal Appeals has jurisdiction over habeas corpus proceedings after final felony convictions. *See Board of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth District,* 910 S.W.2d 481, 483 (Tex. Crim. App. 1995); Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (West Supp. 2011).

Accordingly, we dismiss relator's petition for writ of mandamus.

PER CURIAM

Panel consists of Justices Christopher, Jamison, and McCally.
Do Not Publish — TEX. R. APP. P. 47.2(b).

2