NO. 07-12-0369-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

SEPTEMBER 5, 2012

_____

In re BARRY DWAYNE MINNFEE,

Relator

_____

***Original Proceeding***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before the court is Barry Dwayne Minnfee's application for a writ of mandamus. He requests a writ of mandamus against "clerk" for the "municipal judge." We dismiss the petition.

Relator complains that the clerk for the municipal court in Amarillo, Texas, has refused to file a document wherein he requests DNA testing. Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Texas Government Code § 22.221 expressly limits the mandamus jurisdiction of the courts of appeals to writs necessary to enforce the jurisdiction of the court of appeals and writs against specified district or county court judges in the court of appeals district. TEX.

GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against the municipal court clerk. *In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals). Relator's mandamus petition does not claim, nor does it appear to seek relief designed to enforce this court's jurisdiction. Relator does not allege that he has an appeal pending before this court.

Furthermore, relator has failed to show any authority permitting him to petition for DNA testing through a municipal or small claims court to attack his conviction. Nor has he provided this court with a copy of the petition in the form of an appendix.

Accordingly, we dismiss the appeal for want of jurisdiction.


Per Curiam

2