

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-0085-CV
No. 07-13-0086-CV
_____

In re Fernando Duarte, Relator

April 17, 2013

## ORIGINAL PROCEEDING

### Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Relator, Fernando Duarte, has filed petitions requesting writs of mandamus directed at the District Clerk of Hemphill County, Texas, concerning his two criminal convictions. Relator complains of the district clerk's purported failure to transmit orders and records to the Texas Department of Criminal Justice, State Jail Division regarding jail credit earned and asks that we remedy the default via mandamus. We dismiss the petitions.

Mandamus is intended to be an extraordinary remedy, available only in limited circumstances. *In re Southwestern Bell Telephone Co., L.P.,* 235 S.W.3d 619, 623 (Tex. 2007) (orig. proceeding). Texas Government Code § 22.221 expressly limits our

jurisdiction to issue such relief to writs necessary to enforce our jurisdiction and writs directed at specified district or county court judges within the appellate court's district. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West 2004). Consequently, unless necessary to enforce our jurisdiction, we have no jurisdiction to issue a writ of mandamus against the district clerk. *In re Coronado,* 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding) (per curiam) (noting because a district clerk is not a judge, a relator must show issuance of a writ of mandamus is necessary to enforce the jurisdiction of the court of appeals). Relator's mandamus petitions do not claim, nor do they appear to seek relief designed to enforce this court's jurisdiction. Nor does the relief pertain to an appeal wherein he is a party. Thus, we have no jurisdiction to direct the district clerk to act.

Accordingly, we dismiss the petitions for want of jurisdiction.


Brian Quinn
Chief Justice

2