

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00204-CV

IN RE BRUCE CARRINGTON, RELATOR

Original Proceeding

June 4, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Relator, Bruce Dwayne Carrington, has filed in this Court his petition for writ of mandamus. Though he has unsuccessfully sought mandamus relief on this same general topic on at least two previous occasions, in this, his third petition on the matter, he again complains of the absence from the record on his direct appeal of the "real" jury communication with the trial court, but, this time, asks this Court to compel Respondent, Janette Bills, the official court reporter for the 364th District Court of Lubbock County, to fulfill her ministerial duties "to record into the record all communications between the

court and jury in a criminal proceeding."[1]  Carrington cites Respondent's duties outlined in TEX. CODE CRIM. PROC. ANN. art. 36.27 (West 2006).  We will deny his petition.

Mandamus Jurisdiction

Generally, this Court's mandamus jurisdiction is limited to the issuance of a writ against a judge of a district or county court in our district.  *See* TEX. GOV'T CODE ANN. § 22.221(b) (West 2004); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam).  Our mandamus jurisdiction may extend to other officials only when the writ of mandamus is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a); *In re Saucedo*, No. 07-12-00284-CV, 2012 Tex. App. LEXIS 8202, at *3 n.2 (Tex. App.—Amarillo Sept. 27, 2012, orig. proceeding).

Analysis

We lack jurisdiction to issue a writ of mandamus against Respondent, who, as a court reporter, does not fall within the identified officials against whom mandamus may lie.  *See* TEX. GOV'T CODE ANN. § 22.221(b).  And Relator has presented no contention which would support a conclusion that a writ of mandamus against Respondent is necessary to enforce our jurisdiction.  *See id.* § 22.221(a).  Further, we note that we

---

[1] Relator's original direct appeal of his 2003 aggravated robbery conviction was dismissed for want of jurisdiction for failure to timely file a notice of appeal.  *See Carrington v. State*, No. 07-03-00541-CR, 2004 Tex. App. LEXIS 1112 (Tex. App.—Amarillo Feb. 4, 2004, no pet.) (mem. op.).  The Texas Court of Criminal Appeals granted Carrington an out-of-time appeal.  *Ex parte Carrington*, No. AP-75,094, 2005 Tex. Crim. App. Unpub. LEXIS 12 (Tex. Crim. App. Feb. 9, 2005) (per curiam).  This Court addressed the merits of his appeal and affirmed his conviction, and the Texas Court of Criminal Appeals refused his petition for discretionary review.  *See Carrington v. State*, No. 07-05-00091-CR, 2006 Tex. App. LEXIS 2867 (Tex. App.—Amarillo Apr. 10, 2006, pet. ref'd) (mem. op.).  We have also addressed his various contentions regarding the "real" jury communication by way of his previously filed petitions for writ of mandamus.  *See In re Carrington*, No. 07-12-00220-CV, 2012 Tex. App. LEXIS 8197 (Tex. App.—Amarillo Sept. 27, 2012, orig. proceeding); *In re Carrington*, No. 07-14-00030-CV, 2014 Tex. App. LEXIS 3441 (Tex. App.—Amarillo Feb. 25, 2014, orig. proceeding) (mem. op.).

have no pending appeal involving Relator over which jurisdiction may be considered an issue. Mandamus is an extraordinary remedy. *See In re Reece*, 341 S.W.3d 360, 374 (Tex. 2011) (orig. proceeding). Due to the nature of this remedy, the burden lies with Relator to provide this Court with a sufficient record to establish the right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Here, Relator has failed to show that he is entitled to the relief he has requested.

Instead, Relator has requested mandamus relief against a respondent against whom we may not issue such relief on these facts. Having concluded that Relator requests relief that we lack jurisdiction to issue, we deny Relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).


Mackey K. Hancock
Justice