**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-14-00289-CR**

_____


**IN RE THOMAS DARRELL CROSS JR.**


_____

**Original Proceeding**

_____

**MEMORANDUM OPINION**

Thomas Darrell Cross Jr. seeks mandamus relief against the district clerk of Liberty County, the official court reporter for the 75th District Court of Liberty County, and the judge of the 75th District Court of Liberty County, in connection with his effort to obtain copies of a jury charge, a verdict form, and the reporter's record of a trial that ended in a mistrial.

After the jury in Cross's first trial failed to reach a verdict on guilt or innocence, the State tried the case to a new jury, Cross was convicted, and his conviction was affirmed on appeal. *See Cross v. State*, No. 09-11-00406-CR, 2012

1

WL 6643832, at *5 (Tex. App.—Beaumont Dec. 19, 2012, pet. ref'd) (mem. op., not designated for publication). Neither of the issues Cross raised in that appeal concerned the first trial. *Id.* at *1. After our mandate issued, Cross asked the district clerk and the court reporter for records from the first trial. In his mandamus petition, Cross argues that the requested records are relevant to double jeopardy issues, presumably for use in preparing an application for a post-conviction writ of habeas corpus.

In an estimate dated October 7, 2013, the court reporter informed Cross that the requested record would cost $1,459.50 to prepare. Cross contends that on June 2, 2014, he submitted his objections to the fee and asked the trial court to resolve the dispute, but the trial court has not responded to his request. *See* Tex. Gov't Code Ann. § 52.047(b) (West 2013) ("If an objection is made to the amount of the transcript fee, the judge shall determine a reasonable fee, taking into consideration the difficulty and technicality of the material to be transcribed and any time constraints imposed by the person requesting the transcript."). Cross proposed paying ten cents per page or for the court reporter to loan the record to him for ninety days.

A trial court's duty to resolve a transcript fee dispute under section 52.047(b) of the Texas Government Code may be compelled. *See In re Slaughter*,

No. 02-13-00122-CV, 2013 WL 1960624, at *3 (Tex. App.—Fort Worth May 14, 2013, orig. proceeding) (mem. op.). In this case, however, Cross is asking this Court to require the trial court to either set the transcript fee at ten cents per page or make a copy of the record available for his use. The trial court has discretion to deny a request for a free record for use in preparing a post-conviction writ application. *See In re Coronado*, 980 S.W.2d 691, 693 (Tex. App.—San Antonio 1998, orig. proceeding). The mandamus record contains no evidence that ten cents per page would be a reasonable fee for the record, considering the difficulty and technicality of the material. *See* Tex. Gov't Code Ann. § 52.047(b). Cross has not shown that he is entitled to the relief he requested in his mandamus petition. *See* Tex. R. App. P. 52.8(a).

Cross also seeks mandamus relief from the court reporter and the district clerk, but neither individual falls within the identified officials within our general mandamus jurisdiction. *See* Tex. Gov't Code Ann. § 22.221(b) (West 2004). Our mandate issued in Cross's appeal and the requested relief does not concern the enforcement of our appellate jurisdiction. *Id.* § 22.221(a). We lack jurisdiction to issue a writ of mandamus to the district clerk or the court reporter in this proceeding. The petition for writ of mandamus is denied.

PETITION DENIED.

PER CURIAM

Submitted on August 4, 2014
Opinion Delivered August 20, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.