

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-19-00414-CR

**IN RE** Raymond **DEBA**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:     Sandee Bryan Marion, Chief Justice
           Luz Elena D. Chapa, Justice
           Liza A. Rodriguez, Justice

Delivered and Filed: July 3, 2019

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On June 19, 2019, relator filed a petition for writ of mandamus in which he contends he has asked for the cost to obtain the reporter's records in his two criminal cases but neither reporter has responded to his request. Relator does not ask for specific relief from this court; therefore, we assume he is requesting that this court issue a writ compelling the court reporters to provide him with information about the cost of obtaining the records.

By statute, an appellate court has the power to issue a writ of mandamus against a district or county court judge. *See* TEX. GOV'T CODE § 22.221(b). An appellate court may also issue a writ of mandamus to enforce its jurisdiction. *See id.* § 22.221(a). This court does not have jurisdiction to issue a writ of mandamus against a district clerk or a court reporter unless such writ is

---

[1] This proceeding arises out of Cause Nos. 2005CR0956 & 2005CR0716, styled *The State of Texas v. Raymond Deba*, pending in the County Court at Law No. 2, Bexar County, Texas, the Honorable Kevin M. O'Connell presiding.

necessary to enforce our jurisdiction. *See In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam). Relator has not asserted that the order he is requesting is necessary to enforce our jurisdiction, nor has he provided a record that would support such an argument. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (holding relator has burden of providing a sufficient record to establish right to mandamus relief). Accordingly, relator's petition for writ of mandamus is dismissed.

PER CURIAM

Do not publish