

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-19-00315-CV

IN RE RASHOD EMERY ALLEN, RELATOR

ORIGINAL PROCEEDING

September 20, 2019

## MEMORANDUM OPINION

Before CAMPBELL and PIRTLE and PARKER, JJ.

Relator Rashod Emery Allen, a Texas prison inmate appearing pro se, filed a petition for writ of mandamus seeking to compel the District Clerk of Hale County to respond to his "Article 39.14 Motion of Discovery." Allen did not accompany his petition with the required filing fee. By letter of September 4, 2019, we directed Allen to pay the filing fee or, if indigent, comply with Chapter 14 of the Civil Practice and Remedies Code by filing an affidavit of indigence, an affidavit describing his previous filings, and a certified copy of his inmate trust account statement. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). The letter notified Allen that the proceeding was subject to dismissal without further notice should he fail to comply by September 16.

On September 16, 2019, Allen filed a statement of inability to afford payment of court costs and a certified copy of his inmate trust account statement. However, Allen did not file an affidavit describing his previous filings. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a).

An inmate who files an affidavit or declaration of inability to pay costs in an appeal or original proceeding must also comply with Chapter 14 of the Civil Practice and Remedies Code. TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). An inmate's failure to comply with Chapter 14 is grounds for dismissal of the appeal or original proceeding. *In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig. proceeding) (per curiam) (mem. op.).

To date, Allen has neither paid the filing fee nor submitted the materials necessary to proceed under Chapter 14. Accordingly, Allen's petition for writ of mandamus is dismissed for failure to comply with a requirement of the appellate rules and an order of this court.[1] TEX. R. APP. P. 42.3(c).

Per Curiam

---

[1] We also note that a court of appeals does not have jurisdiction to issue writs of mandamus against a district clerk unless issuance of the writ is necessary to enforce its jurisdiction. TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2018); *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam).