

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00758-CR

**IN RE** Robert **RODRIGUEZ**

Original Mandamus Proceeding[1]

PER CURIAM

Sitting:      Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: November 13, 2019

PETITION FOR WRIT OF MANDAMUS DISMISSED FOR LACK OF JURISDICTION

On October 25, 2019, relator filed a petition for writ of mandamus asking this court to order the district clerk to "perform her duty and forward relator's pro-se motions for a judicial decision where more than 60 days have elapsed and no decision [has] been rendered." By statute, an appellate court has the power to issue a writ of mandamus against a district or county court judge. *See* TEX. GOV'T CODE § 22.221(b). An appellate court may also issue a writ of mandamus to enforce its jurisdiction. *See id.* § 22.221(a). This court does not have jurisdiction to issue a writ of mandamus against a district clerk or a court reporter unless such writ is necessary to enforce our jurisdiction. *See In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam). Relator has not asserted that the writ he is requesting is necessary to enforce our jurisdiction, nor has

---

[1] This proceeding arises out of Cause No. 2019-CR-10734, 2019-CR-10735, NM526505, 1990-CR-1294, styled *The State of Texas v. Robert Rodriguez*, pending in the 437th Judicial District Court, Bexar County, Texas, the Honorable Lori I. Valenzuela presiding.

he provided a record that would support such an argument. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (holding relator has burden of providing a sufficient record to establish right to mandamus relief). Accordingly, relator's petition for writ of mandamus is dismissed.

PER CURIAM

Do not publish