

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-20-00191-CV

---

IN RE TOMMIE J. DENSON, RELATOR

---

OPINION ON ORIGINAL PROCEEDING
FOR WRIT OF MANDAMUS

---

August 27, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator Tommie J. Denson, a Texas inmate proceeding pro se, filed a petition for writ of mandamus without paying the required filing fee. By letter of July 29, 2020, we directed Denson to pay the filing fee or, in lieu thereof, to comply with Chapter 14 of the Civil Practice and Remedies Code by filing 1) an affidavit of indigence, 2) an affidavit relating to previous filings, and 3) a certified copy of his inmate trust account statement. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004 (West 2017). We advised Denson that this proceeding was subject to dismissal if he did not comply by August 10, 2020. Denson has since filed an affidavit of indigence and a certified copy of his inmate trust account statement. However, he has not filed an affidavit describing his previous filings to date.

The requirement to pay the filing fee or tender an affidavit of indigence, an affidavit of previous filings, and a certified copy of an inmate trust account statement is mandatory, and the lack thereof is grounds for dismissal of an original proceeding. *In re Johnson*, No. 07-16-00354-CV, 2016 Tex. App. LEXIS 11841, at *2 (Tex. App.—Amarillo Nov. 1, 2016, orig. proceeding) (per curiam) (mem. op.). Because Denson has failed to pay the filing fee or comply with all the requirements of Chapter 14 of the Civil Practice and Remedies Code within the time provided for compliance, we dismiss this original proceeding.[1]

Per Curiam

---

[1] Denson's petition for writ of mandamus seeks to compel the District Clerk of Potter County to file various motions concerning his prior criminal conviction. We note that a court of appeals does not have jurisdiction to issue writs of mandamus against a district clerk unless issuance of the writ is necessary to enforce its jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West Supp. 2019); *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding) (per curiam).