

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-22-00092-CR
_____

IN RE TYSON KOTARA, RELATOR

---

Original Proceeding
Arising From Proceedings Before the 137th District Court
Lubbock County, Texas
Trial Court No. 2015-407,934; Honorable John "Trey" J. McClendon III, Presiding

---

April 27, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and DOSS, JJ.

Relator, Tyson Kotara, an inmate proceeding *pro se* and *in forma pauperis*, seeks a writ of mandamus to compel the District Clerk of Lubbock County[1] to provide him a copy of the trial records in trial court cause number 2015-407,934 on a "loan" basis so that he may prepare an application for a writ of habeas corpus.  For the reasons expressed

---

[1] Relator designates Barbara Sucsy, the former Lubbock County District Clerk, as Respondent. Pursuant to Rule 7.2 of the Texas Rules of Appellate Procedure, the current Lubbock County District Clerk is automatically substituted as Respondent.  TEX. R. APP. P. 7.2(a).  Because this court generally does not have jurisdiction over a district clerk, we suspend the requirement for abatement of this original proceeding to allow Ms. Sucsy's successor, Sara L. Smith, to reconsider a decision.  TEX. R. APP. P. 7.2(b).

herein, we dismiss the petition for writ of mandamus for lack of jurisdiction over the Lubbock County District Clerk.

Relator is incarcerated in the Bridgeport Unit of the Texas Department of Criminal Justice following his conviction for possession of a firearm by a felon.[2]  On January 26, 2021, he filed a *Motion to Inspect Public Court Record* in the above-referenced trial court cause number.  He specifically requested that the Lubbock County District Clerk provide a copy of "DVD/CD of video and all pictures" with the complete trial court record on a "loan" basis.

Subsequent to filing his January motion,[3] relying on the Michael Morton Act,[4] Relator filed a *Motion Requesting Post Conviction Discovery* again requesting a copy of the trial court record on a "loan" basis.  On March 7, 2021, he wrote to the district clerk asking for a schedule of hearings on his pending motions.  On June 21, 2021, he also filed a *Motion to Compel Attorney to Produce Client File* seeking to compel his former attorney to surrender the case file to him.

By letter dated July 22, 2021, Relator corresponded with the District Court Administrative Office of the 137th District Court requesting that a hearing date be set on his three pending motions.[5]  Relator's requests remain unanswered.  By this proceeding,

---

[2] TEX. PENAL CODE ANN. § 46.04(a).

[3] Relator's motion is not dated nor file-stamped.

[4] TEX. CODE CRIM. PROC. ANN. art. 39.14(a).

[5] We note that by this original proceeding, Relator is not seeking a writ of mandamus against Judge McClendon.

he requests a finding that the Lubbock County District Clerk did not transmit his motions to the convicting court within a reasonable time.

MANDAMUS STANDARD OF REVIEW

Mandamus is an extraordinary remedy granted only when a relator can show that (1) the trial court abused its discretion and (2) that no adequate appellate remedy exists. *In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 130 (Tex. 2018) (orig. proceeding); *In re H.E.B. Grocery Co., L.P.*, 492 S.W.3d 300, 302 (Tex. 2016) (orig. proceeding) (per curiam). When seeking mandamus relief, a relator bears the burden of proving these two requirements. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

JURISDICTION OVER A DISTRICT CLERK

This court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b). For a district clerk to fall within our jurisdictional reach, it must be established that the issuance of the writ of mandamus is necessary to enforce our jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692-93 (Tex. App.—San Antonio 1998, orig. proceeding); *In re James*, No. 07-1900442-CV, 2020 Tex. App. LEXIS 1175, at *4-5 (Tex. App.—Amarillo Feb. 11, 2020, orig. proceeding). Relator has not demonstrated that the exercise of our mandamus authority against a district clerk is appropriate to enforce our jurisdiction. Consequently, we have no authority to issue a writ of mandamus against a district clerk in this proceeding.

**CONCLUSION**

Relator's *Petition for a Writ of Mandamus* is dismissed for want of jurisdiction.


Patrick A. Pirtle
Justice


Do not publish.