

**IN THE
TENTH COURT OF APPEALS**

─────────────

**No. 10-23-00218-CR**

**IN RE BRYCE IAN RICHARDS**

─────────────

**Original Proceeding**

**From the 12th District Court
Walker County, Texas
Trial Court No. 29,446**

─────────────

## MEMORANDUM OPINION

─────────────

Bryce Ian Richards seeks a writ of mandamus ordering the District Clerk of Walker County to file, and the trial court judge to rule on a motion Richards alleges he presented for filing on or about July 11, 2023, in which he sought a nunc pro tunc judgment. Richards alleges the trial court failed to properly award jail time credit at the time sentence was imposed. Asserting that he is being illegally restrained, he requests this Court compel the district court clerk "to file, process, and docket" the nunc pro tunc motion and compel the district court judge to award credit for presentence time served.

This Court has mandamus jurisdiction against a district court judge or county court judge in our district, and all writs necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b). We have no authority to issue a writ of mandamus against a district clerk unless such is necessary to enforce this Court's jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding). Richards has not shown that issuance of a writ is necessary to enforce our appellate jurisdiction. *See id*. To the extent Richards seeks mandamus relief against the district clerk, we dismiss Richards's petition for writ of mandamus for lack of jurisdiction.

We now consider the petition as it pertains to Richards's request for a writ of mandamus forcing the trial court to rule on his motion. To obtain mandamus relief in a criminal case, the relator must establish that (1) the act sought to be compelled is ministerial and (2) there is no adequate remedy at law. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *In re Gomez*, 602 S.W.3d 71, 73 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). A trial court is required to consider and rule on a motion within a reasonable time. *Id*.

Richards has the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See* TEX. R. APP. P. 52.7(a) (requiring record to be filed with petition and prescribing contents of record); *see also In re Ramos*, 598 S.W.3d

472, 473 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). Richards has not filed a record in support of his petition. Consequently, Richards's petition does not demonstrate that his motion was filed with the trial court, that the motion was called to the trial court's attention or presented to the trial court for a ruling, or that the trial court refused to rule on the motion. *See In re Gomez*, 602 S.W.3d at 73. Thus, Richards has not shown that he is entitled to mandamus relief. Accordingly, to the extent Richards seeks mandamus relief against the judge of the trial court, we deny the petition for writ of mandamus.

Accordingly, the petition for writ of mandamus is dismissed in part and denied in part.


STEVE SMITH
Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Petition dismissed in part and denied in part
Opinion issued and filed August 2, 2023
Do not publish
[OT06]

