

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00105-CV

---

IN RE EDRICK DUNN, RELATOR

---

ORIGINAL PROCEEDING

---

April 10, 2025

## MEMORANDUM OPINION

### Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Relator, Edrick Dunn, proceeding pro se and *in forma pauperis*, seeks a writ of mandamus to compel the Chief Deputy Clerk of the Lubbock County District Clerk's Office to issue citations and have them served against certain former and current government employees in an underlying suit.[1]  For the reasons expressed herein, we dismiss this original proceeding for want of jurisdiction.

---

[1] Two previous petitions related to the underlying suit have been addressed by this Court.  *See In re Dunn*, No. 07-24-00372-CV, 2024 Tex. App. LEXIS 8885 (Tex. App.—Amarillo Dec. 19, 2024, orig. proceeding); *In re Dunn*, No. 07-24-00326-CV, 2024 Tex. App. LEXIS 7695 (Tex. App.—Amarillo Oct. 29, 2024, orig. proceeding).

Relator is not naming the Lubbock County District Clerk as a respondent as she is a named defendant in the underlying suit.

## BACKGROUND

Relator filed suit against a retired judge, a retired district clerk, and the current district clerk. He alleged his due process rights were violated and asserted multiple claims against them. He asserts citations have issued but have yet to be served.

## ANALYSIS

This Court has the authority to issue writs of mandamus against a judge of a district or county court in our district and all writs necessary to enforce our jurisdiction. TEX. GOV'T CODE ANN. § 22.221(b). In order for a deputy clerk to fall within our jurisdictional reach, a relator must establish the issuance of the writ of mandamus is necessary to enforce this Court's jurisdiction. *In re Coronado*, 980 S.W.2d 691, 692–93 (Tex. App.—San Antonio 1998, orig. proceeding).

Here, Relator asserts a writ of mandamus is necessary to enforce the court's jurisdiction. He is mistakenly relying on section 24.011 which describes the writ power of a district judge. There is no pending appeal related to the civil suit he has filed against certain individuals. Consequently, we have no authority under section 22.221(b) to issue a writ of mandamus against the Chief Deputy Clerk of the Lubbock County District Clerk's office.

## CONCLUSION

Relator's petition for writ of mandamus is dismissed for want of jurisdiction.

Alex Yarbrough
Justice

2